TANKNOLOGY/NDE CORPORATION, Appellant,

v.

Robin BOWYER, Appellee.

No. 11–01–00250–CV.

Court of Appeals of Texas, Eastland.

May 9, 2002.

Rehearing Overruled Aug. 15, 2002.

66. *Ormsby,* 600 S.W.2d at 786 (Douglas, J. dissenting).

Martin J. Sweeney, Tim D. Haggard, Mitchell S. Milby, Cozen O'Connor Law Firm, Dallas, for appellant.

David H. Stokes, Law Firm of David H. Stokes, Stephenville, for appellee.

Panel consists of WRIGHT, J., and McCALL, J., and McCLOUD, S.J.[1]

Opinion

JIM R. WRIGHT, Justice.

The trial court awarded appellee, Robin Bowyer, a default judgment against appellant, Tanknology/NDE Corporation. In its default judgment, the trial court awarded appellee $239,640.47 for past medical expenses, past and future physical pain and mental anguish, past and future physical impairment, costs of court, and post-judgment interest. We reverse and remand for a new trial.

---

1. Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

On March 1, 2001, appellee filed a suit for negligence involving a motor vehicle accident between appellee and Ruben Jamie Lozan[2] which occurred on March 2, 1999. In this suit, appellee alleged that Lozan was an employee of appellant and was acting in the course and scope of his employment at the time of the collision and also that appellant was negligent in its hiring, supervision, "and/or" retention of Lozan.

Appellant's registered agent for service of process, CT Corporation System, was served with the citation and original petition on March 14, 2001, at 10:27 a.m., in Houston. On March 19, 2001, Barbara Botts, Director of Human Resources and Risk Management for appellant in Austin, received the petition from CT Corporation System.[3] On this same date, Botts faxed the petition to American International Group (AIG) at the fax number for American International Recovery, Inc. (AIR) in Dallas, as well as to "Melba" at Insurance Concepts. In addition to the petition, Botts faxed 12 pages regarding appellee's property damage claim. Botts had been dealing with Lashonda Young, a recovery agent at AIR, on the property damage claim. On the fax cover sheet, Botts wrote "[p]ls (sic) let me know what atty (sic) you choose to answer this lawsuit which we rec'd (sic)." Botts spoke with Young either the same day or the day following the facsimile transmission regarding the insurance policy deductible but not about this lawsuit. In her affidavit, Botts states that she did not take any further action with Young, or anyone else, pertaining to the lawsuit because she assumed Young would process the petition. Young did not take any action in regard to the lawsuit because as a recovery agent she did not process petitions received in lawsuits. The fax to Insurance Concepts was merely sent as a courtesy for their records; Insurance Concepts was not authorized to hire attorneys for appellant.

On April 18, 2001, the trial court, upon appellee's motion, severed the cause against appellant from that against Lozan. On this same date, following a hearing, the trial court granted appellee a default judgment and awarded appellee $239,640.47 in damages.

AIGCS learned of the default judgment on or about April 25, 2001. Kathleen A. Riley, manager of AIR's Dallas recovery unit, reviewed the file on the case. Her investigation showed that AIGCS approved insurance coverage for the March 2, 1999, collision; spoke with appellee on her property damage claims prior to August 11, 2000, on behalf of appellant; intended to defend appellant in the event of a lawsuit; discussed property damage and medical expenses with appellee's father; sent a medical authorization form to appellee in order to evaluate her medical expenses and made a follow-up contact on approximately April 13, 1999, requesting the return of the form; set up a file noting that appellee had a claim for personal bodily injury; and set aside money to compensate appellee. However, appellee never returned the medical authorization form

2. Throughout the initial pleadings and the record in this case, the driver of Tanknology's vehicle is referred to as Ruben Jamie Lozan. In the briefs, we are advised that the driver's name is actually Ruben James Lozano.

3. It appears that CT Corporation System was appellant's registered agent; that Insurance Concepts was appellant's insurance broker; that American International Group (AIG) was appellant's insurance carrier; that American International Recovery, Inc. (AIR) was the recovery division of AIG, responsible for the recovery of insurance policy deductibles; and that American Insurance Group Claims Services (AIGCS) was the division of AIG responsible for the payment of claims.

and never responded to AIGCS. As a result, AIGCS closed its file on March 3, 2000, after paying the property damage claim. AIGCS forwarded the file to AIR so that AIR could collect the insurance policy deductible from appellant. Upon receipt of this file, Young contacted appellant regarding the payment of the deductible, which appellant paid. Botts contacted Young and transmitted the petition with other documents to Young. Although appellant's insurance policy provided that information pertaining to personal injury lawsuits were to be sent to AIGCS, appellant forwarded the petition to AIR because of the correspondence regarding payment of the deductible.

Appellant filed a motion for new trial on May 17, 2001. Following a hearing, the trial court denied appellant's motion.

Appellant argues on appeal that the trial court erred in failing to grant appellant's motion to vacate the default judgment and for new trial because: (1) appellant's failure to answer was not intentional or the result of conscious indifference, but instead due to accident or mistake, (2) appellant set up a meritorious defense, and (3) appellee would not be delayed or injured by the granting of a new trial. Essentially, appellant is arguing that it met the three elements of the *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939), test; and, because all three elements were met, the trial court abused its discretion by failing to grant appellant a new trial. In *Craddock*, the court stated:

■ An equitable motion for new trial must be granted in all cases where:

[T]he failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident[4]; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

A trial court abuses its discretion when all of the elements of the *Craddock* test are fulfilled and it fails to grant a new trial. *Bank One, Texas, N.A. v. Moody*, 830 S.W.2d 81, 85 (Tex.1992). Here, the trial court abused its discretion in denying appellant's motion for new trial because appellant satisfies all of the elements of the

---

**4.** Appellee incorrectly argues that, to satisfy the first prong of the *Craddock* test, appellant must prove its actions were also free from "negligence and/or conscious indifference." For this proposition, appellee misplaces her reliance on *Grissom v. Watson*, 704 S.W.2d 325, 327 (Tex.1986), and *Harris v. LeBow*, 363 S.W.2d 184, 186 (Tex.Civ.App.-Dallas 1962, writ ref'd n.r.e). *Grissom* quotes *Harris*, stating that "[the party] and his agent were free of negligence or conscious indifference." *Grissom v. Watson*, supra at 327, quoting *Harris v. Lebow*, supra at 186. The fact that the Supreme Court in *Grissom* quotes this portion from *Harris* does not mean that it has adopted negligence as a component or a consideration in the first prong of the *Craddock* test. Historically, a case was refused for no reversible error when the Supreme Court felt the court of civil appeals was correct in all of its declarations of law but that its application of law

presented no error requiring reversal because the disposition of the case was satisfactory. See *Texas Osage Co-op Royalty Pool v. Clark*, 159 Tex. 441, 322 S.W.2d 506 (1959)(explaining the designation writ refused, no reversible error). Because *Grissom* does not specifically adopt the negligence component in its holding but only addresses conscious indifference, appellee is in error by arguing that, based on these cases, there is a negligence aspect to the first prong of the *Craddock* test. Since *Grissom*, the Supreme Court has repeatedly reiterated the *Craddock* test in its original form. See, e.g., *Director, State Employees Workers' Compensation Division v. Evans*, 889 S.W.2d 266 (Tex.1994); *Estate of Pollack v. McMurrey*, 858 S.W.2d 388 (Tex.1993); *Holt Atherton Industries, Inc. v. Heine*, 835 S.W.2d 80 (Tex.1992); *Bank One, Texas, N.A. v. Moody*, supra.

*Craddock* test. In three points of error, appellant addresses each of the *Craddock* elements.

 In its first point, appellant asserts that the trial court erred in its failure to grant a motion for new trial because the failure to answer the petition was not intentional or the result of conscious indifference but due to accident or mistake. When the factual allegations in a movant's affidavit are not controverted, it is sufficient if the motion and affidavit provide factual information, that if taken as true, would negate intentional or consciously indifferent conduct. *Director, State Employees Workers' Compensation Division v. Evans,* supra at 268; *Strackbein v. Prewitt,* 671 S.W.2d 37, 38–39 (Tex.1984). In order to make a determination as to whether the appellee has controverted appellant's factual assertions, we look to all of the evidence in the record. However, conclusory allegations are insufficient; the facts must explain the nature of the mistake. *Holt Atherton Industries, Inc. v. Heine,* supra at 82–83. The evidence in the record in this case consists of: appellant's motion and accompanying affidavits [5] from Botts, Young, Riley, and Sweeney; appellee's response to the motion and the attached excerpts from the depositions of Botts and Young; appellant's reply to appellee's response; and the reporter's record from the hearing on appellant's motion for new trial held on July 27, 2001.

The affidavits of Botts, Young, and Riley state facts that show that appellant's failure to answer was not intentional or due to conscious indifference. Botts mistakenly assumed that Young, the person she was dealing with on the deductible matter, would also process the petition so that an attorney would be hired. Botts indicated on the cover sheet that she wanted to be informed what attorney was selected to answer the lawsuit. These facts support that Botts felt she was transmitting the petition to the proper person so that it would be timely answered.

Because it relied on an agent to file an answer, appellant must show that the agent also did not act intentionally or with conscious indifference. *Holt Atherton Industries, Inc. v. Heine,* supra at 83. It appears from the facts that Botts was relying on Young to locate an attorney to file an answer. Young stated that it was not part of her job as a recovery agent to process petitions in lawsuits and that this was why she filed the lawsuit instead of taking further action with the petition. Botts was not relying on Insurance Concepts to find an attorney because she was aware that Insurance Concepts lacked the authority to hire counsel for appellant. Although it is stated in the insurance policy that AIGCS was the proper entity to receive petitions, Botts had been dealing with Young at AIR on this particular case. It is apparent that Botts felt that Young was her contact in regard to this case, not AIGCS. Appellant's motion and affidavits show that the failure to file was unintentional and not consciously indifferent, if not controverted.

---

5. Appellee argued that the affidavits were not made by persons with knowledge. All affiants stated that they were competent to make the affidavit, that they had personal knowledge of the facts, and that the facts were true and correct. Additionally, appellant's trial counsel, Martin J. Sweeney, is permitted to attest to facts as appellant's agent. See TEX. R.CIV.P. 14. Sweeney set out his authority to make the affidavit as counsel for appellant and states how he obtained the information contained in the affidavit. Sweeney's affidavit makes a sufficient showing of his authority and personal knowledge. See, e.g., *Landscape Design and Construction, Inc. v. Warren,* 566 S.W.2d 66, 67 (Tex.Civ.App.-Dallas 1978, no writ).

The non-movant must controvert the movant's belief that the matter is being handled appropriately. *Director, State Employees Workers' Compensation Division v. Evans,* supra at 269; *Bank One, Texas, N.A. v. Moody,* supra at 85. Appellee does not controvert appellant's beliefs. Instead, appellee argues that the matter should have been handled in a better way. Appellee asserts that, because of Botts' training in risk management and Young's training in insurance matters, they did not handle the matter as a reasonably prudent person would have handled the situation because Botts did not follow up on the matter by specifically asking Young or anyone else about the lawsuit and because Young also did not follow up with Insurance Concepts. Appellee does not specifically controvert appellant's evidence. Therefore, appellant's affidavits, for the purpose of establishing a lack of intent or conscious indifference, should be taken as true. See *Director, State Employees Workers' Compensation Division v. Evans,* supra at 269; see also *Estate of Pollack v. McMurrey,* supra at 391–92. Appellant's first point is sustained.

In the second point, appellant challenges the trial court's failure to grant a new trial because appellant set up a meritorious defense. A meritorious defense is "set up" when the motion for new trial alleges facts which would constitute a defense to the cause of action asserted and must be supported by affidavits or other evidence. *Ivy v. Carrell,* 407 S.W.2d 212, 214 (Tex.1966); *Estate of Pollack v. McMurrey,* supra at 392. It is irrelevant whether the facts alleged by appellant in support of a meritorious defense are controverted. See *Ivy v. Carrell,* supra at 214.

In the motion for new trial, appellant sets out the following defenses: (1) appellee failed to show that Lozan was acting in the course and scope of his employment or that appellant was negligent in hiring, supervising, "and/or" retaining Lozan; (2) appellee had a pre-existing condition in that she had injured her knee one month prior to the collision and a significant portion of her medical expenses covered treatment for this prior injury; (3) appellee did not establish that the accident was the proximate cause of her injuries; (4) appellant denied the extent of the damages; and (5) appellant asserted that appellee was comparatively "and/or" contributorily negligent. In support of appellant's contention that appellee was injured one month prior to the collision, appellant refers to the medical records admitted by appellee at the default judgment hearing. Dr. F. James Herbertson's notes indicated that appellee injured her knee approximately one month prior to the accident; she "hyperflexed" her knee. Appellant alleged sufficient facts which support the defenses set up by appellant: that a portion of appellee's medical expenses may be attributable to a prior injury or pre-existing condition; that the accident may not have been the proximate cause of appellee's injuries; and that the extent of her damages may be different than claimed. See *Director, State Employees Workers' Compensation Division v. Evans,* supra at 270 (finding where the State alleged Evans was injured in an automobile accident following her alleged job-related injury and that the subsequent automobile accident was the cause of her damages that, if true, would be a sole cause defense for the State). Appellant's second point is sustained.

In the third point, appellant contends that the trial court erred in its failure to grant a new trial because there would be no delay or injury to appellee. The factors in determining delay or injury are: (1) offering to go to trial immediately and (2) reimbursing expenses in obtaining

the default judgment. *Konkel v. Otwell,* 65 S.W.3d 183, 187 (Tex.App.-Eastland 2001, no pet'n); see also *Director, State Employees Workers' Compensation Division v. Evans,* supra at 270.

Appellant stated in its reply to appellee's response to the motion for new trial that it was willing to reimburse appellee for her expenses in obtaining the default judgment and that it was ready, willing, and able to go to trial. At the hearing, appellant again announced that it was ready, willing, and able to go to trial. Once appellant alleged that granting a new trial will not cause delay or injury, the appellee then had the burden of showing the delay or injury she would suffer. *Cliff v. Huggins,* 724 S.W.2d 778, 779 (Tex. 1987).

The purpose of this prong of the *Craddock* test is to protect plaintiffs from delay or injury that would disadvantage them in presenting the merits of their case at trial. *Director, State Employees Workers' Compensation Division v. Evans,* supra at 270. Appellee has failed to make any allegations showing how a new trial would prejudice the presentation of her case, and she did not negate appellant's showing of no undue delay or injury. See *Director, State Employees Workers' Compensation Division v. Evans,* supra at 270. Appellant's third point is sustained.

In sustaining all of appellant's points of error, we find that appellant has fulfilled all three prongs of the *Craddock* test. Because appellant has satisfied all three elements of the *Craddock* test, the trial court abused its discretion in failing to grant appellant a new trial.

We reverse the decision of the trial court and remand this cause for a new trial.