11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Robin Virginia Goskie               

Appellant

Vs.      
            No. 11-02-00107-CV B Appeal from Dallas County

Kenneth A. Benningfield

Appellee

 

The trial
court awarded appellee a default judgment against appellant.  In its default judgment, the trial court
awarded appellee $11,390 for past and future medical expenses, past physical
pain and suffering, and property damages. 
We reverse and remand for a new trial.

Issues
Presented

Appellant
presents five issues for review. 
Appellant first argues that the trial court abused its discretion in
denying her motion to set aside the default judgment or, alternatively, motion
for new trial because she met the requirements of the Craddock[1]
test.  Because we reverse and remand on
the first issue, we do not address the remaining issues.

Background
Facts

On
November 19, 2001, appellee served appellant with his petition.  The petition alleges that appellee was
injured by appellant=s
negligence in an automobile accident which occurred on March 2, 2001.  Appellant did not answer the suit.  On or about December 26, 2001, the insurance
company received a complimentary copy of the citation and petition with a
letter attached informing the insurance company that the answer was due
December 10, 2001.  On January 10, 2002,
the trial court entered a default judgment in favor of appellee.  On February 11, 2002, appellant filed her
answer and also filed her motion to set aside the default judgment or,
alternatively, motion for new trial. 
The trial court held a hearing and denied the motion for new trial on
March 8, 2002. 

 

 








Equitable
Motion for New Trial

Appellant=s first issue is that the trial court abused
its discretion by not granting appellant=s motion for new trial because appellant met the requirements of the Craddock
test. Craddock v. Sunshine Bus Lines, Inc., supra at 126.  In Craddock, the court stated that an
equitable motion for new trial must be granted in all cases where:

[T]he failure of the defendant to answer
before judgment was not intentional, or the result of conscious indifference on
his part, but was due to a mistake or an accident; provided the motion for new
trial sets up a meritorious defense and is filed at a time when the granting
thereof will occasion no delay or otherwise work an injury to the plaintiff.

 

A trial
court abuses its discretion when all of the elements of the Craddock
test are fulfilled and when it fails to grant a new trial.  Bank One, Texas, N.A. v. Moody, 830 S.W.2d
81, 85 (Tex.1992).  When the factual
allegations in a movant=s affidavit are not controverted, it is sufficient if the motion and
affidavit provide factual information, that if taken as true, would negate
intentional or consciously indifferent conduct.  Director, State Employees Workers= Compensation Division v. Evans, 889 S.W.2d 266, 268 (Tex.1994);  Strackbein v. Prewitt, 671 S.W.2d 37, 38‑39
(Tex.1984).  To make a determination as
to whether the appellee has controverted appellant's factual assertions, we
look to all of the evidence in the record. 
However, conclusory allegations are insufficient;  the facts must explain the nature of the
mistake.  Holt Atherton Industries, Inc.
v. Heine, 835 S.W.2d 80, 82‑83 (Tex.1992).     

Appellant=s affidavit states that, at or near the time
she was served, her daughter was having health complications and was in and out
of the hospital from early November 2001 through January 2002.  Her affidavit then asserted: 

It was my intention to address the lawsuit,
but the many issues relating to my daughter caused me to forget about the
lawsuit.  If I was aware of the lawsuit=s significance, I would have addressed Mr.
Benningfield=s allegations. 

 








Some excuse, but not
necessarily a good excuse, is enough to set aside a default judgment, so long
as the defendant=s failure to answer is accidental.  Ferguson & Co. v. Roll, 776 S.W.2d 692,
695 (Tex.App. - Dallas 1989, no writ). 
Appellee does not controvert appellant=s evidence.  Therefore,
appellant=s affidavit, for the purpose of establishing
a lack of intent or conscious indifference, is sufficient.

 Appellant included two affidavits from the
insurance company to show that the insurance company was also free of conscious
indifference under the assumption that both appellant and her agent must be
free of conscious indifference in their failure to answer in order to satisfy
the first prong of the Craddock test. 
Harris v. Lebow, 363 S.W.2d 184, 186 (Tex.Civ.App. - Dallas 1962, writ
ref=d n.r.e.). 
The case law is consistent that, when a defendant entrusts the citation
to a third party and the third party fails to perform a certain task which was
necessary for the lawsuit to be timely answered, the third party must also be
free of conscious indifference. 
Ferguson & Co. v. Roll, supra at 697.  In Lebow, the insurance company received the citation from
the defendant, but the record did not show why the insurance company did not
file an answer.  Harris v. Lebow, supra
at 186.  In Grammar v. Hobby, 276 S.W.2d
311, 312 (Tex.Civ.App. B San Antonio 1955, writ ref=d n.r.e.), the defendant gave the citation to a man for delivery to
defendant=s attorney. 
In Brothers Department Store, Inc. v. Berenzweig, 333 S.W.2d 445, 446
(Tex.Civ.App. B San Antonio 1960, writ ref=d n.r.e.), the defendant gave the citation to
his attorney=s secretary. 
In Craddock v. Sunshine Bus Lines, Inc., supra at 124-25, the defendant
sent the citation to the insurance company. 


In the
present case, appellant=s mistake or excuse for not answering did not involve reliance on the
insurance company; therefore, we conclude that, under the facts presented in
the record, the insurance company was not an agent for the purpose of the Craddock
test.  Craddock v. Sunshine Bus Lines,
Inc., supra at 126.   

Next under
Craddock, appellant must show a meritorious defense.  In appellant=s motion for new trial, appellant states that an unknown driver
collided with the rear of the vehicle she was driving, causing her to hit
appellee=s vehicle. 
Appellant offered her affidavit and a police report to support this
defense.  Appellant also says that
appellee told appellant and the police officer that he was not injured.  Appellant has alleged sufficient facts to
set up a defense that: (1) appellant was not negligent; (2) appellant was not
the proximate cause of appellee=s injuries; and (3) the appellee was not injured.   








Finally,
for the third prong of the Craddock test, appellant must show that a new
trial will bring no delay or injury to plaintiff.  In appellant=s motion for new trial, appellant stated she was willing to reimburse
appellee for all reasonable expenses in obtaining the default judgment and that
she was ready, willing and able to proceed to trial.  Once appellant alleged that granting a new trial would not cause
delay or injury, the appellee then had the burden of showing the delay or
injury he would suffer.  Cliff v. Huggins,
724 S.W.2d 778, 779 (Tex.1987); Tanknology/NDE Corporation v. Bowyer, 80 S.W.3d
97, 103 (Tex.App. B
Eastland 2002, pet=n den=d). 

The
purpose of this prong of the Craddock test is to protect plaintiffs from
delay or injury that would disadvantage them in presenting the merits of their
case at trial.  Tanknology/NDE
Corporation v. Bowyer, supra at 103. Appellee has failed to make any allegations
showing how a new trial would disadvantage him in presenting the merits of his
case at trial.  See Director, State
Employees Workers=
Compensation Division v. Evans, supra at 270; Tanknology/NDE Corporation v.
Bowyer, supra at 103. 

We sustain
appellant=s first issue.  Because of our decision on the first issue, we do not need to
address the remaining issues. 
TEX.R.APP.P. 47.1.

This
Court=s Ruling

We reverse
the decision of the trial court and remand this cause for a new trial.

 

TERRY McCALL

JUSTICE

 

January 16, 2003

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











[1]Craddock v. Sunshine Bus Lines, Inc., 133 S.W.2d 124
(Tex.1939).