**GULF STATES PETROLEUM CORPORATION and Randall Clayton May, Appellants,**

v.

**GENERAL ELECTRIC CAPITAL AUTO LEASE, Appellee.**

No. 11–03–00027–CV.

Court of Appeals of Texas, Eastland.

March 25, 2004.

---

Lloyd Ward, Lloyd Ward & Assoc., Dallas, for appellants.

Alan B. Padfield, Mark Stout, Lively, Padfield & Stout, L.L.P., David Farris, Fort Worth, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

### Opinion

W.G. ARNOT, III, Chief Justice.

This is an appeal from a no-answer default judgment. We reverse and remand in part and modify and affirm in part.

General Electric Capital Auto Lease (GECAL) filed suit on April 22, 2002, against Gulf States Petroleum Corporation (Gulf States Petroleum) and Randall Clayton May with respect to two vehicles leased to Gulf States Petroleum in 2000.[1] Gulf States Petroleum originally leased the vehicles from AutoFlex Leasing. GECAL alleged in its pleadings that it acquired the leases from AutoFlex Leasing on the date that the lease agreements were executed.[2] GECAL asserted that Gulf States Petroleum breached the lease agreements by failing to pay monthly payments due since November 2001. GECAL sought damages of $135,993.02 from Gulf States Petroleum as result of the alleged breach. With respect to May, GECAL alleged that he had retained possession of the two vehicles after Gulf States Petroleum's breach of the lease agreements. GECAL asserted a claim for conversion against May in the amount of $91,032.00 based on its calculation of the fair market value of the vehicles.

GECAL obtained service of citation upon Gulf States Petroleum on April 29, 2002, while May was served with citation on June 10, 2002. Neither Gulf States Petroleum nor May timely filed an answer to the suit. The trial court entered a default judgment against Gulf States Petroleum and May on July 3, 2002, in the amount of $135,993.02 plus interest, costs, and attorney's fees in the amount of $1,800.00. Gulf States Petroleum and May subsequently filed a written answer to the suit on August 2, 2002. Contemporaneous with the filing of their answer, Gulf States Petroleum and May also filed a motion entitled "Motion to Vacate and Set Aside Default Judgment or for New Trial." Gulf States Petroleum and May asserted in the motion that the default judgment should be set aside on the following grounds: (1) the default judgment was void as a result of Gulf States Petroleum's pending bankruptcy proceeding; (2) a variance between the amount of damages pleaded against May and the amount awarded against May in the default judgment; and (3) May's entitlement to a new trial under *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939).

The record before us does not contain a written order reflecting the trial court's ruling on the motion to vacate/motion for new trial. Furthermore, a reporter's record has not been filed with respect to a hearing on the motion. Based on the contentions presented in appellants' brief, it appears that the trial court denied the motion. Gulf States Petroleum and May raise three issues on appeal attacking the trial court's rulings.

*Effect of Gulf States Petroleum's Pending Bankruptcy Proceeding*

■ Gulf States Petroleum and May argue in their first issue that the trial court erred in failing to set aside the default judgment against both of them as a result of the pending bankruptcy proceeding instituted against Gulf States Petroleum. The motion to vacate/motion for new trial alleged that an involuntary bankruptcy proceeding had been filed against Gulf States Petroleum on July 5, 2001, in the United States Bankruptcy Court for the

---

1. May was the president of Gulf States Petroleum. He executed the written lease agreements on behalf of Gulf States Petroleum.

2. Each of the written lease agreements were prepared on forms bearing the name "GE Capital Auto Financial Services" at the top of each document. Each agreement contained a provision which indicated that the lessor (AutoFlex) intended to assign ownership of the lease and respective vehicle to "GE Capital" or one of its subsidiaries or affiliates. The original certificates of title listed "GECAL" as the owner of each vehicle.

Western District of Louisiana. Gulf States Petroleum and May supported this allegation by attaching copies of bankruptcy pleadings to their motion. Gulf States Petroleum and May further alleged that the bankruptcy proceedings remained pending at the time the trial court entered the default judgment.

When a suit is brought against a party in bankruptcy, the suit is subject to an automatic stay which abates any judicial proceeding against that party. *See* 11 U.S.C. § 362; *In re Southwestern Bell Telephone Company*, 35 S.W.3d 602, 604 (Tex.2000). The purposes of the bankruptcy stay are to protect the debtor's assets, to provide temporary relief from creditors, and to further the equity of distribution among the creditors by forestalling a race to the courthouse. *Reliant Energy Services, Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir.2003). A judgment taken in violation of the bankruptcy code's automatic stay is void. *Continental Casing Corporation v. Samedan Oil Corporation*, 751 S.W.2d 499, 501 (Tex.1988).

GECAL acknowledges in its appellate brief that the default judgment obtained against Gulf States is void as a result of Gulf States Petroleum's bankruptcy. GECAL also acknowledged this problem at the trial court level. GECAL attempted to cure the problem by filing a notice of nonsuit as to Gulf States Petroleum on December 5, 2002. GECAL argues that Gulf States Petroleum is no longer a party to this appeal as a result of the nonsuit. We disagree with GECAL's contention.

TEX.R.CIV.P. 162 provides that a voluntary nonsuit may be taken at any time before a plaintiff has introduced all of his evidence other than rebuttal evidence. This provision obviously does not permit a voluntary nonsuit to be taken after the entry of judgment. GECAL filed the notice of nonsuit approximately five months after the entry of the default judgment and approximately two months after Gulf States Petroleum filed its notice of appeal. In light of Gulf States Petroleum's pending bankruptcy, the default judgment entered against Gulf States Petroleum is void.

May contends that Gulf States Petroleum's pending bankruptcy also rendered the default judgment entered against him void. Ordinarily, the automatic bankruptcy stay only operates against the debtor and does not operate against non-debtors or even co-debtors, co-tortfeasors, or codefendants. *In re Southwestern Bell Telephone Company, supra* at 604; *Novosad v. Cunningham*, 38 S.W.3d 767, 770 (Tex.App.-Houston [14th Dist.] 2001, no pet'n). An exception to this general rule is sometimes utilized in situations where the assets of the bankruptcy estate would be jeopardized in allowing court proceedings to proceed against the codefendant. *Novosad v. Cunningham, supra* at 770. To be entitled to this exception, however, the codefendant must demonstrate either (1) that there is such identity between the debtor and the codefendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor or (2) that extending the stay against the codefendant contributes to the debtor's efforts of rehabilitation. *Novosad v. Cunningham, supra* at 770. The Fifth Circuit Court of Appeals has noted that the automatic bankruptcy stay is rarely a valid basis for staying actions against non-debtors. *Reliant Energy Services, Inc. v. Enron Canada Corp., supra* at 825.

May contends that the automatic bankruptcy stay protects him because GECAL is seeking to recover property that is part of Gulf States Petroleum's bankruptcy

estate. Although GECAL is seeking the return of the leased vehicles and monetary damages from Gulf States Petroleum, it has not asserted a theory of joint liability against May. Instead, GECAL contends that May is personally liable for the independent tort of conversion based on the allegation that he retained possession of the vehicles after Gulf States Petroleum defaulted on the leases.[3] May has not established that Gulf States Petroleum's assets will be jeopardized by a judgment taken against him individually. Accordingly, the automatic bankruptcy stay did not apply to GECAL's conversion claim against May.

Gulf States Petroleum's and May's first issue is sustained as to Gulf States Petroleum and is overruled as to May. Having sustained Gulf States Petroleum's contention that the default judgment was void as to it, we do not consider the remainder of Gulf States Petroleum's appellate complaints.

### Motion for New Trial

May contends in his third issue that the trial court erred in failing to grant his equitable motion for new trial. An equitable motion for new trial must be granted in all cases where:

> [T]he failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Craddock v. Sunshine Bus Lines, supra* at 126; *Tanknology/NDE Corporation v.*

*Bowyer,* 80 S.W.3d 97, 100 (Tex.App.-Eastland 2002, pet'n den'd). A trial court abuses its discretion when all of the elements of the *Craddock* test are fulfilled and it fails to grant a new trial. *Bank One, Texas, N.A. v. Moody,* 830 S.W.2d 81, 85 (Tex. 1992); *Tanknology/NDE Corporation v. Bowyer, supra* at 100.

May contends that the trial court was compelled to grant his motion for new trial because he satisfied all of the *Craddock* elements. The evidence which May offered in support of the motion for new trial consisted of his affidavit and copies of relevant documents. With respect to the reason why he did not answer the suit, May stated as follows:

> I, having not individually leased, nor guaranteed, the above described automobiles, assumed that there was no personal liability, and that the Bankruptcy Court would deal with the leases, as the automobiles sued for were and are part of the bankruptcy estate.

May contends the above-quoted reason constitutes a mistake of law which satisfies the first prong of *Craddock.*

The facts in this appeal are similar to those in *Novosad.* An accountant filed suit against a dentist individually and the dentist's professional corporation to collect for unpaid accounting services which had been performed by the accountant. *Novosad v. Cunningham, supra* at 769. The dentist failed to file an answer for either himself or his professional corporation. *Novosad v. Cunningham, supra* at 769. The professional corporation did file a notice of bankruptcy, however. *Novosad v. Cunningham, supra* at 769. After non-suiting the professional corporation, the

---

**3.** Conversion occurs when one person makes an unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another to the exclusion of or inconsistent with the owner's rights. *Waisath v. Lack's Stores, Inc.,* 474 S.W.2d 444, 447 (Tex.1971).

accountant obtained a default judgment against the dentist individually. *Novosad v. Cunningham, supra* at 769.

The dentist attempted to set aside the default judgment on two of the same grounds alleged by May. The dentist first argued that the automatic bankruptcy stay which applied to the professional corporation also applied to the claim brought against him individually. *Novosad v. Cunningham, supra* at 769–70. Both the trial court and court of appeals rejected this contention. *Novosad v. Cunningham, supra* at 769–70. The dentist in *Novosad* also urged an equitable motion for new trial. *Novosad v. Cunningham, supra* at 770. With respect to the first prong of *Craddock*, the dentist asserted that he failed to file an answer because of his mistaken belief that the automatic bankruptcy stay applied to the claims brought against him individually.[4] *Novosad v. Cunningham, supra* at 770. The court of appeals rejected the dentist's contention that this excuse satisfied the first prong of *Craddock*. *Novosad v. Cunningham, supra* at 771. The court concluded that the dentist's failure to answer was due to an erroneous interpretation of the bankruptcy law and was intentional. *Novosad v. Cunningham, supra* at 771. The court ruled that the trial court did not abuse its discretion in denying the dentist's motion for new trial because it could have concluded, based on the evidence before it, that the dentist's failure to answer was intentional or was due to conscious indifference. *Novosad v. Cunningham, supra* at 771–72.

As was the case in *Novosad*, May relies on a mistaken belief regarding the effect of an automatic bankruptcy stay. May also attempts to justify his failure to file an answer on his belief that he did not have any contractual liability for the automobile leases. Courts have recognized that a mistake of law can satisfy the requirement that the failure to answer was not intentional or due to conscious indifference. *Bank One, Texas, N.A. v. Moody, supra* at 84. However, not every act of a defendant that could be characterized as a mistake of law is a sufficient excuse. *Bank One, Texas, N.A. v. Moody, supra* at 84.

We conclude that the trial court did not abuse its discretion in denying May's motion for new trial because the record supports a determination that May's failure to answer was intentional or due to conscious indifference. The supreme court analyzed several cases in *Moody* which involved instances wherein courts have accepted a defaulting defendant's "mistake of law" allegation. *Bank One, Texas, N.A. v. Moody, supra* at 83–85. Those cases share a common characteristic—the defendant made some type of a reply to the suit which it believed sufficed as an adequate response. The record in this appeal indicates that May did not make any effort to respond to GECAL's suit either on his own behalf or on behalf of Gulf States Petroleum. Furthermore, there is no evidence that May relied upon the advice of counsel in making the assumption that he could simply ignore the suit. May's third issue is overruled.

### Pleading Variance

 In his second issue, May contends that the default judgment should be set aside because of a variance between the amount of damages GECAL sought from May in its pleadings and the amount of damages which May was ordered to pay in the default judgment. GECAL alleged

---

4. The dentist provided an affidavit from his attorney in support of this allegation. *Novo-*

*sad v. Cunningham, supra* at 770.

in its pleadings that it was entitled to recover damages from May in the amount of $91,032.00. The default judgment ordered May to pay GECAL damages in the amount of $135,993.02.[5] It is impermissible in a default judgment to render judgment for damages in excess of the damages specifically pleaded. *Capitol Brick, Inc. v. Fleming Manufacturing Co., Inc.,* 722 S.W.2d 399, 401 (Tex.1986). GECAL attempted to cure this problem by filing a voluntary notice of remittitur with the trial court. The notice of remittitur provided as follows:

> [GECAL], Plaintiff in the above-entitled and numbered cause, waives and releases all portions of the judgment rendered on July 3, 2002, against [May], except the sum of $91,032.00 plus costs, and consents to remit the sum of $44,961.02 to [May] on such judgment against [May] only, and consents that judgment against [May] for the sum of $91,032.00 plus costs be rendered and that execution issue for the sum of $91,032.00 only.

GECAL asserts that its voluntary remittitur sufficiently cured the error with respect to the amount of damages awarded against May in the default judgment. May asserts that the only appropriate remedy is to set aside the judgment in its entirety.

The Fort Worth Court of Appeals recognized that remittitur is an appropriate remedy in this situation in *Mahon v. Caldwell, Haddad, Skaggs, Inc.,* 783 S.W.2d 769, 770 (Tex.App.-Fort Worth 1990, no pet'n). We agree that remittitur is an appropriate remedy for curing the variance between the pleadings and the default judgment entered in this case. Since the voluntary remittitur filed by GECAL was

sufficient to cure the error present in the default judgment, we accept the remittitur. May's second issue is overruled.

### This Court's Ruling

The default judgment entered against Gulf States Petroleum is reversed, and GECAL's claims against Gulf States Petroleum are remanded to the trial court. The portion of the trial court's judgment awarding damages against May is modified to reflect the amount of $91,032.00 plus costs and, as modified, is affirmed. *See* TEX.R.APP.P. 46.5.

---

5. This is the amount of damages which GECAL sought from Gulf States Petroleum in its pleadings.