

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-13-00363-CV

RHONDA SADLER, APPELLANT

V.

GENEVA GEE AND ANTHONY GEE, APPELLEES

On Appeal from the 220th District Court
Bosque County, Texas
Trial Court No. 12246, Honorable Phil Robertson, Presiding

September 12, 2014

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant Rhonda Sadler appeals a post-answer default judgment, asserting the trial court erred by failing to grant her motion for new trial. We agree and reverse the judgment of the trial court.

Background

In September 2012, appellees Anthony and Geneva Gee filed suit for partition of a parcel of land in Bosque County, Texas. The petition described a 50 x 100-foot lot

adjoining the town of Clifton, with an estimated value of $2,000. The Gees alleged that on the death of Bessie Clay Brown in 1990, they and Sadler, along with others, acquired the lot by descent as Brown's heirs-at-law. The Gees further alleged that they had acquired by deed the undivided interests of some of the heirs-at-law, with the result that the Gees then owned a 67.5% undivided interest in the lot, Sadler a 16.67% interest, and other individuals the remaining interests. The court appointed an attorney ad litem for unknown heirs.

Sadler, appearing *pro se*, filed an answer in which she alleged she bought the lot in 2011. Sadler received notice in November 2012 of a final partition hearing to be held on May 17, 2013. On that day, Sadler failed to appear, and after the court heard testimony from Geneva Gee, it signed a written judgment awarding the Gees sole ownership of the lot based on findings they had made improvements that exceeded the value of the property.

After receiving notice of the default judgment, Sadler timely filed a motion for new trial. She appended to the motion a copy of a general warranty deed signed November 2, 2011 and recorded in Bosque County later that month. On its face, the deed appears to memorialize a conveyance of the lot by one Frankie Watley to Sadler. The trial court later held a hearing on Sadler's motion for new trial during which it heard Sadler's testimony. The motion was overruled by operation of law.[1]

---

[1] A number of additional pleadings were filed, some of which also were heard by the trial court. And the court signed a judgment *nunc pro tunc*. No appellate issue is raised regarding the *nunc pro tunc* judgment or the additional pleadings, so we do not address them further.

Analysis

Through one issue, Sadler contends the trial court abused its discretion in failing to grant her motion for new trial.

In cases like that before us, we focus on "the critical question in any default judgment: 'Why did the defendant not appear?'" *Fidelity & Guar. Ins. Co. v. Drewery Constr. Co.,* 186 S.W.3d 571, 574 (Tex. 2006). If the defendant did not appear because she never received the suit papers, then the court should generally set aside the default judgment. *Id.* But if the defendant received the suit papers and has some other reason for not appearing, then the judgment must be set aside if she proves the three elements of the *Craddock* test. *Id.; see Craddock v. Sunshine Bus Lines, Inc.,* 133 S.W.2d 124, 126 (Tex. 1939).

Under *Craddock,* a default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on her part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Sutherland v. Spencer,* 376 S.W.3d 752, 755 (Tex. 2012*)* (quoting *Craddock,* 133 S.W.2d at 126). The *Craddock* test also applies to post-answer defaults. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926-27 (Tex. 2009), *citing Ivy v. Carrell,* 407 S.W.2d 212, 213 (Tex. 1966). A trial court abuses its discretion if it fails to grant a new trial when all of the elements of the test are fulfilled. *Bank One, Texas, N.A. v. Moody*, 830 S.W.2d 81, 85 (Tex.1992).

We look to Sadler's knowledge and acts to determine whether she satisfied her burden on the first *Craddock* element. *Dir., State Emp. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 269 (Tex. 1994). The absence of an intentional failure to answer rather than a real excuse for not answering is the controlling fact. *Craddock,* 133 S.W.2d at 125. A defendant satisfies her burden as to the first *Craddock* element when her factual assertions, if true, negate intentional or consciously indifferent conduct by the defendant and the factual assertions are not controverted by the plaintiff. *In re R.R.,* 209 S.W.3d 112, 115 (Tex. 2006) (per curiam). Consciously indifferent conduct occurs when "the defendant knew it was sued but did not care." *Fidelity,* 186 S.W.3d at 576.

Generally, as Sadler notes, "some excuse, although not necessarily a good one," will suffice to show that a defendant's failure to appear for trial was not because the defendant did not care. *Sutherland, 376* S.W.3d at 755. Cases have noted that "forgetfulness alone" will not always be sufficient to satisfy the prong. *Id.* Nevertheless, Sadler offered an excuse that was not controverted and, if true, negated intentional or consciously indifferent conduct on her part. Sadler acknowledged to the trial court that she was aware of the hearing date. But, she told the court, she forgot the hearing date because of her care of six grandchildren, her financial and other strains, and her work of a night shift before the day of the hearing. She asserts her failure to appear was accidental and unintentional. We find Sadler's uncontroverted factual assertions satisfy the first prong of the test set forth in *Craddock. See In re R.R.,* 209 S.W.3d at 115*.*

The second prong of the *Craddock* test requires that the movant "set up" a meritorious defense. *Craddock,* 133 S.W.2d at 126. The movant is not required to prove her defense conclusively to satisfy the meritorious defense element, but must

4

allege facts which in law would constitute the meritorious defense and support the motion with affidavits or other evidence establishing prima facie the existence of the meritorious defense. *Ivy,* 407 S.W.2d at 214. Sadler's motion, which she verified, alleged she was the sole owner of the lot in question. On appeal, the Gees compare Sadler's assertion with those of the movant in *Ivy* which the court found were merely allegations of conclusions, insufficient to set up a meritorious defense. *Id.* at 215. But Sadler did more than merely assert she had acquired the lot by deed and was its owner. *See id.* She supported her assertions with a copy of her recorded deed. We of course express no opinion on the true state of the title to the disputed lot. We merely find that Sadler's assertion she is the lot's sole owner, and her provision of a recorded deed apparently conveying the lot to her, set up a meritorious defense to the Gees' contention they own the majority interest in the lot. The second *Craddock* prong is satisfied. *See Pursley v. Wiginton Hooker Jeffry, P.C.,* No. 07-99-0169-CV, 2000 Tex. App. LEXIS 247, at *11-12 (Tex. App.—Amarillo Jan. 13, 2000) (mem. op.) (finding movant set up meritorious defense).

Under the third prong of the *Craddock* test, Sadler must show that a new trial will bring no delay or injury to the Gees. On appeal, Sadler states, "Further, the Appellant was and is still willing to reimburse Appellees for all reasonable expenses incurred in obtaining the default judgment against her." Once Sadler alleged that granting a new trial would not cause delay or injury, the Gees then had the burden of showing the delay or injury they would suffer. *Cliff v. Huggins,* 724 S.W.2d 778, 779 (Tex.1987); *Tanknology/NDE Corporation v. Bowyer,* 80 S.W.3d 97, 103 (Tex. App.—Eastland 2002, pet. denied). The purpose of this prong of the *Craddock* test is to protect plaintiffs

5

from delay or injury that would disadvantage them in presenting the merits of their case at trial. *Bowyer,* 80 S.W.3d at 103. The Gees have not alleged a new trial would disadvantage them in presenting the merits of their case. *Id.* And, because the parties fundamentally disagree over an issue of title, we do not perceive from the record that the Gees would be so disadvantaged. Accordingly, we find the third prong of the *Craddock* test also has been satisfied.

Having found each of the *Craddock* elements satisfied, we find the trial court's denial of Sadler's motion for new trial was an abuse of discretion. We reverse the judgment of the trial court and remand the cause to the trial court for a new trial.


James T. Campbell
Justice