Opinion filed June 15, 2017



# In The

# Eleventh Court of Appeals

_____

## No. 11-15-00245-CV

_____

## CHARLES ROBERT GAUGER, Appellant

## V.

## MARGIE TIDWELL GAUGER, Appellee

**On Appeal from the 259th District Court**

**Shackelford County, Texas**

**Trial Court Cause No. 2012-061**

### M E M O R A N D U M   O P I N I O N

Charles Robert Gauger appeals the entry of a post-answer default judgment against him in his divorce case. The trial court entered a default judgment because Gauger failed to appear at the final hearing. Gauger then retained counsel and filed a motion for new trial in which he alleged that he had a meritorious defense, that a new trial would not prejudice his ex-wife, and that he had not acted with conscious indifference when he failed to appear. Gauger claimed that he mistakenly believed that he had retained counsel either to appear for him at the hearing or to secure a

continuance of the hearing. In his motion for new trial, Gauger requested a hearing on his motion. His motion for new trial was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c).

On appeal, Gauger argues that the trial court erred when it refused to hear or grant his motion for new trial because he had established all the elements of the *Craddock*[1] test and was entitled to a new trial. We affirm.

## I. *Background Information and Procedural History*

Gauger and his wife, Margie Tidwell, married in 2005; seven years later, Tidwell filed for divorce. Gauger answered her petition for divorce, but during the early course of the proceedings, Gauger became ill, was hospitalized, and lapsed into a coma. Gauger awoke from his coma ten weeks later and began rehabilitation. Gauger had difficulties with communication, severe agitation, and panic attacks. After Gauger's release from his rehabilitation program in March 2013, he went to live in Illinois. Prior to January 29, 2015, Gauger substituted his trial counsel twice. One of his lawyers explained to the trial court that he could not effectively communicate with Gauger. Likewise, Tidwell had to replace her first lawyer when her first lawyer died. These changes in counsel on both sides, as well as Gauger's health issues, Gauger's residence in Illinois, and other issues, made it necessary for the trial court to issue nine successive notices setting the case for hearing. The parties had also mediated the case without success.

On January 29, 2015, the eighth setting for hearing, Gauger's third trial counsel moved to continue the trial setting and to withdraw. The trial court granted both motions and admonished Gauger to retain new counsel immediately. The trial court also admonished Gauger that it would not continue the trial any further. The trial court explained that the case had been on the court's docket for almost three

---

[1]*Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124 (Tex. 1939).

years and that it would hold the final hearing within the next six weeks. The trial court noted that it would send out a reset notice but that, if the parties had not received the reset notice in the next seven to ten days, they should call the trial court and request it to set the final hearing. The trial court also ordered Gauger to pay the appraisal fee and other outstanding costs by March 6, 2015.

The trial court sent notice to Gauger on March 27, 2015, which Gauger received, in which the trial court set the final hearing for June 1, 2015. On June 1, 2015, at 1:30 p.m., the trial court called the case for trial; Tidwell appeared with counsel, but neither Gauger nor any counsel for him appeared. The trial court noted that it had sent Gauger and Tidwell notice of the trial setting, a copy of which was in the clerk's file. The trial court noted that Gauger had called the court and left a voice-mail message at 11:56 a.m. that day stating that he was still in Illinois and would not be present. Gauger said that he thought he had retained attorney Landon Northcutt, but Northcutt had refused to represent him because Gauger had not paid him the required retainer fee. The trial court noted that Gauger had not spoken to any court staff about his appearance at the hearing and did not file a formal motion for continuance and that the trial court had not granted a continuance of the June 1 hearing. The trial court further noted that no one had entered an appearance on Gauger's behalf and that, although Northcutt had called the court administrator and asked about the case, Northcutt had not entered an appearance and had not indicated that he represented Gauger.

At the final hearing, the trial court found that Gauger had failed to appear and "wholly made default," heard evidence from Tidwell about the division of property, determined what was separate and community property, completed a just and right division of community property, and entered a judgment in Tidwell's favor. Once Gauger received notice of the judgment, he retained counsel who filed a motion for new trial in which Gauger claimed that he thought he had retained Northcutt to

3

represent him and that he had paid him a retainer of $2,500 to secure a continuance of the final hearing or to appear for him at the final hearing.

The record before us reflects that no one had entered an appearance for Gauger from January 29, 2015, until his fourth counsel appeared and requested findings of fact and conclusions of law on July 24, 2015, more than seven weeks after the trial and three weeks after the court signed the final decree. In Gauger's motion for new trial, he included a request for hearing, but the record does not reflect that he or his counsel did anything else to secure a hearing on his motion for new trial. Tidwell did not file a response to Gauger's motion for new trial.

## II. *Standard of Review*

We review the trial court's denial of a motion for new trial under an abuse of discretion standard. *Strackbein v. Prewitt*, 671 S.W.2d 37 (Tex. 1984). After a default judgment is entered, the trial court abuses its discretion when it denies a motion for new trial if (1) the default judgment was not a result of the defendant's conscious indifference, but was a result of mistake or accident; (2) the defendant has a meritorious defense against liability; and (3) a new trial will not prejudice the plaintiff and will avoid injustice to the defendant. *Sutherland v. Spencer*, 376 S.W.3d 752, 754 (Tex. 2012) (citing *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124, 126 (Tex. 1939)); *Tanknology/NDE Corp. v. Bowyer*, 80 S.W.3d 97, 100 (Tex. App.—Eastland 2002, pet. denied) (citing *Craddock*, 133 S.W.2d at 126). When a motion for new trial presents a question of fact upon which evidence must be heard, the trial court is obligated to hear such evidence if the facts alleged by the movant would entitle him to a new trial. *Hensley v. Salinas*, 583 S.W.2d 617, 618 (Tex. 1979); *Anderson v. Anderson*, 282 S.W.3d 150, 154 (Tex. App.—El Paso 2009, no pet.) (citing *Hawkins v. Howard*, 97 S.W.3d 676, 678 (Tex. App.—Dallas 2003, no pet.)); *Bray v. Mohair Council of Am.*, No. 11-05-00353-CV, 2007 WL 118927, at *2 (Tex. App.—Eastland Jan. 18, 2007, no pet.) (mem. op.).

A trial court abuses its discretion when all of the elements of the *Craddock* test are fulfilled and the court fails to grant a new trial. *Bank One, Tex., N.A. v. Moody*, 830 S.W.2d 81, 85 (Tex. 1992). When the factual allegations in a movant's affidavit are not controverted, it is sufficient if the motion and affidavit provide factual information that, if taken as true, would negate intentional or consciously indifferent conduct. *Dir., State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994); *Strackbein*, 671 S.W.2d at 38–39.

### III. *Analysis*

On appeal, Gauger asserts in one issue with several subparts that the trial court erred when it allowed his motion for new trial to be overruled by operation of law. Specifically, Gauger asserts that he should have been granted a new trial because (1) he asserted a *Craddock* defense and adduced uncontroverted evidence on all three elements of that defense, (2) Tidwell did not file a response that controverted his evidence, and (3) he requested a hearing on his motion for new trial. We will first address whether Gauger has negated that his failure to appear was the result of conscious indifference under the first element of *Craddock*.

In evaluating whether a defendant's failure to appear at trial was the result of conscious indifference, it is important to recall that *Craddock*'s essential intent is to "prevent[] an injustice to the defendant without working an injustice on the plaintiff." *Craddock*, 133 S.W.2d at 126. Thus, to ensure an equitable result, any *Craddock* evaluation is inherently fact intensive. *See Sutherland*, 376 S.W.3d at 757 (Jefferson, C.J., dissenting). We must focus on the critical question in a default judgment: "Why did the defendant not appear?" *Sutherland*, 376 S.W.3d at 755 (quoting *Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 574 (Tex. 2006)). As in this case, where Gauger received notice of the final hearing and failed to appear, the default judgment must be set aside if the defendant proves the three elements of the *Craddock* test. *See Sutherland*, 376 S.W.3d at 755.

5

"A defendant satisfies its burden as to the first *Craddock* element when its factual assertions, if true, negate intentional or consciously indifferent conduct by the defendant and the factual assertions are not controverted by the plaintiff." *Id.* However, conclusory allegations are insufficient; the facts must explain the nature of the mistake. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 82–83 (Tex. 1992). Gauger argues that his affidavit is uncontroverted because Tidwell never filed a response to Gauger's motion for new trial. To make a determination as to whether Tidwell has controverted Gauger's factual assertions, we look to all the evidence in the record. *In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006) (citing *Evans*, 889 S.W.2d at 269).

Some of our sister courts have said, "We interpret conscious indifference to mean a failure to take some action which would seem indicated to a person of reasonable sensibilities under the same circumstances." *Sheppard v. Sheppard*, No. 07-14-00074-CV, 2015 WL 6082303, at *3 (Tex. App.—Amarillo Oct. 15, 2015, no pet.) (mem. op.) (quoting *Johnson v. Edmonds*, 712 S.W.2d 651, 652–53 (Tex. App.—Fort Worth 1986, no writ)); *Coston v. Coston*, No. 12-09-00458-CV, 2010 WL 3249856, at *6 (Tex. App.—Tyler Aug. 18, 2010, pet. denied) (mem. op.) (quoting same); *Prince v. Prince*, 912 S.W.2d 367, 370 (Tex. App.—Houston [14th Dist.] 1995, no writ) (quoting same). The Texas Supreme Court, in *Smith v. Babcock*, wrote: "A failure to appear is not intentional or due to conscious indifference within the meaning of the rule merely because it is deliberate; it must also be without adequate justification. Proof of such justification—accident, mistake or other reasonable explanation—negates the intent or conscious indifference for which reinstatement can be denied." *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (citing *Bank One*, 830 S.W.2d at 84). "Also, conscious indifference means more than mere negligence." *Smith*, 913 S.W.2d at 468 (citing *Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex. 1966)).

In this case, Gauger had three attorneys, all of whom withdrew with his permission. In support of his motion for new trial, Gauger said in his affidavit that he thought the $2,500 fee that he had paid to Northcutt was a retainer for Northcutt to secure a continuance of the June 1, 2015 final hearing. However, Gauger also averred in that affidavit that Northcutt required a $25,000 retainer in order to represent Gauger, and Gauger conceded that he *never* paid that fee.[2] A reasonable person who had already retained three lawyers in the two and one-half years since this case was filed would certainly know that a failure to pay the required retainer would not secure the services of the lawyer. More importantly, the trial court noted that no one had contacted it about representing Gauger and that Northcutt, in particular, did not enter an appearance or indicate that he represented Gauger. In fact, Gauger did not indicate that he called the trial court to notify the court that he was securing or had secured counsel or that he had trouble doing so, despite the trial court's admonitions at the last continuance hearing. Gauger also did not indicate that he spoke to opposing counsel about securing counsel or that he was having trouble securing counsel. At the last continuance hearing, on January 29, 2015, the trial court urged Gauger to retain new counsel so that he could avoid the pitfalls of proceeding pro se and to do so with all haste and diligence. The trial court admonished Gauger that there would be no more continuances. Despite this warning, Gauger did not retain counsel and proceeded pro se from January 29, 2015, to July 24, 2015. We note that pro se litigants are held to the same standard as licensed attorneys. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978).

Gauger urges us to look to *Saleme*, where this court held that a pro se litigant was not consciously indifferent when he errantly believed any continuance request

---

[2]Gauger explains in his affidavit that he signed a retainer agreement with Northcutt and paid a fee, but he did not attach the retainer agreement or a receipt for the $2,500 payment.

7

would be granted. *Saleme v. Gonzales*, No. 11-98-00245-CV, 2000 WL 34234585, at *2 (Tex. App.—Eastland Jan. 13, 2000, no pet.) (not designated for publication) (holding that misunderstanding about a continuance request meets the standard of "any excuse for the failure to appear, however slight, that shows mistake, accident, or negligence, rather than conscious indifference, will suffice"). In Gauger's case, there was significantly more of a failure to act than a simple misunderstanding of how to secure a continuance. Gauger had already retained three lawyers during the pendency of the case and then had them withdraw. Gauger claimed to have left a voice-mail message with the trial court in which he indicated that he had retained Northcutt, that Northcutt had secured a continuance, and that Gauger would not appear. However, Gauger had not paid the retainer; Northcutt had told Gauger that he had to pay a $25,000 retainer for him to represent Gauger, and Gauger admitted that he had not done so. Furthermore, the trial court explicitly stated its intent to resolve the case at the June 1, 2015 final hearing and also stated that there would be no more continuances. Moreover, Gauger did not file a proper motion for continuance and had not asked the trial court to grant a continuance, and the trial court had not granted a continuance. Gauger's explanation is directly controverted by his own affidavit, the trial court's remarks, and the record. Indeed, Gauger's inattention, beyond mere negligence, was manifested when, after explicit instruction from the trial court, he failed to contact the court; provide any updates on his situation; pay the requisite appraisal and other fees before the scheduled date of March 6; apprise the court of any difficulties that affected his ability to appear at the June 1, 2015 hearing; and have someone appear for him at that hearing, appear himself, or move for another continuance. He failed to do all of these things as a pro se litigant, and his situation is factually different from the litigant in *Saleme*. *See Saleme*, 2000 WL 34234585, at *1–3.

In response, Gauger also argues that his failure to act is excused because the lingering effects of his coma inhibited his ability to communicate and prevented him from realizing that he had not hired counsel for this matter. Gauger argues that his case is like *In re B.Q.S.*, in which this court held that the failure of a litigant, who experienced similar medical difficulties, to hire in-state counsel was not the result of conscious indifference. *In re B.Q.S.*, No. 11-13-00043-CV, 2014 WL 2957451, at *10 (Tex. App.—Eastland June 26, 2014, no pet.) (mem. op.). However, *B.Q.S.* is critically different from the present case because the *B.Q.S.* defendant's default judgment resulted in part from the slow pace of mail correspondence and, perhaps, from his negligence, but not from any conscious indifference in ensuring that in-state counsel was timely hired. *Id.* Thus, the oversight in *B.Q.S.* was not the defendant's failure to hire counsel or follow the court's directives but, rather, his failure to communicate with his attorney in an expedited manner.

We hold that Gauger has not established the first element of the *Craddock* test. Because Gauger did not establish the first element of *Craddock*, we need not address the remaining two *Craddock* elements. We also do not need to address whether the trial court erred when it failed to hold a hearing on Gauger's motion for new trial. We overrule Gauger's sole issue on appeal.

IV. <em>This Court's Ruling</em>

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE

June 15, 2017

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.