B.L. NOVOSAD, D.D.S., Appellant,

v.

Brian K. CUNNINGHAM,
P.C., Appellee.

No. 14–98–01213–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 1, 2001.

Michael L. Durham, Houston, for appellants.

David Frishman, Katy, for appellees.

Panel consists of Justices SEARS, DRAUGHN, and LEE.*

## OPINION

ROSS A. SEARS, Justice (Assigned).

B.L. Novosad, D.D.S., (Novosad) appeals from a no-answer default judgment against him in favor of Brian K. Cunningham, P.C. (Cunningham) in a suit on a sworn account for professional accounting services. In four points of error, Novosad contends the trial court erred: (1) in holding that the bankruptcy stay for his professional corporation was not applicable to this cause of action; (2) in denying his motion for new trial; (3) in holding that notice was properly given in Cunningham's nonsuit against his professional corporation and motion for default judgment; and (4) in awarding Cunningham damages. We affirm.

## BACKGROUND

Cunningham performed accounting services for Novosad for four months in 1995, and sent bills for $4,395.00 to both Novosad's professional corporation and Novosad individually. Neither Novosad nor his professional corporation paid, and Cunningham sued Novosad's professional corporation and Novosad individually for his services. On April 14, 1998, Novosad was personally served with two citations, indi-

* Senior Justices Ross A. Sears, Joe L. Draughn, and Norman Lee sitting by assign-

vidually and as the agent for his professional corporation. On May 6, 1998, Novosad's professional corporation filed notice of bankruptcy in these proceedings. Novosad did not file bankruptcy for himself, and gave notice of bankruptcy for his professional corporation only. Novosad did not file an answer for his professional corporation or himself. Cunningham nonsuited Novosad's professional corporation on July 2, 1998. On the same date, Cunningham filed his motion for default judgment against Novosad individually. Cunningham did not send Novosad notices of his nonsuit or motion for default judgment. On July 28, 1998, the trial court entered final default judgment against Novosad individually. Novosad filed his motion for new trial on August 25, 1998. Cunningham filed his motion in opposition to Novosad's motion for new trial. Novosad did not appear at the hearing on his motion for new trial, and the trial court heard argument only on affidavits filed by the parties. The trial court entered its order denying Novosad's motion for new trial on September 22, 1998.

## THE AUTOMATIC STAY

In point one, Novosad contends the trial court erred in holding that the bankruptcy stay under Section 362 of the Bankruptcy Code for his corporation did not halt the proceedings against him individually. 11 U.S.C.A. § 362 (West 1993 & Supp.2000). Novosad filed no answer for himself individually, and contends that he is a nondebtor defendant to which his corporation's stay applies because Cunningham alleged that Novosad and his corporation were the alter ego of each other and were jointly and severally liable. Because Cunningham was proceeding on the theory of joint liability, joint enterprise, and alter ego, Novosad asserts he is entitled to protection of the automatic stay granted his corporation under *S.I. Acquisition, Inc., v.*

ment.

*Eastway Delivery Serv., Inc.,* 817 F.2d 1142, 1147–50 (5th Cir.1987) in order to protect the assets of the corporation from any "joint" liability.

■ Ordinarily, the automatic stay under section 362 does not extend to actions against parties other than the debtor, such as codebtors, guarantors, sureties, or other nondebtor parties. *Audio Data Corp. v. Monus,* 789 S.W.2d 281, 286 (Tex. App.—Dallas 1990, no writ); *In re Chugach Forest Products, Inc.,* 23 F.3d 241, 246 (9th Cir.1994); *United States v. Dos Cabezas Corp.,* 995 F.2d 1486, 1491 (9th Cir.1993); *Wedgeworth v. Fibreboard Corp.,* 706 F.2d 541, 544 (5th Cir.1983). An exception to this general rule is sometimes utilized in situations where the assets of the bankruptcy estate would be jeopardized in allowing court proceedings to proceed against the codefendant. *Dos Cabezas,* 995 F.2d at 1491; *S.I. Acquisition, Inc. v. Eastway Delivery Serv., Inc.,* 817 F.2d 1142, 1147–50 (5th Cir.1987); *A.H. Robins Co., Inc. v. Piccinin,* 788 F.2d 994, 999 (4th Cir.), *cert. denied,* 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986). To be entitled to this exception, however, the codefendant must demonstrate either that (1) there is such identity between the debtor and the codefendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor, or (2) that extending the stay against the codefendant contributes to the debtor's efforts of rehabilitation. *Dos Cabezas,* 995 F.2d at 1491 n. 3. Novosad offered no evidence to establish either of these two conditions. Therefore, Novosad is not entitled to the exception. *See Beutel v. Dallas County Flood Control Dist., No. 1,* 916 S.W.2d 685, 692–693 (Tex.App.—Waco 1996, pet. denied). Novosad's first point of error is overruled.

### MOTION FOR NEW TRIAL

In his second point of error, Novosad contends the trial court erred in denying his motion for new trial. He asserts that he proved he has met the three requirements of *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939) and should be entitled to a new trial.

■ The test set forth in *Craddock* requires that a defaulting defendant seeking a new trial: (1) demonstrate that its failure to file an answer or appear was not intentional or the result of conscious indifference, but was due to mistake or accident; (2) offer a meritorious defense; and (3) demonstrate that granting a new trial will not result in delay or prejudice to the plaintiff. *See id.* The appropriate standard of review of a trial court's decision to grant or deny a motion for new trial is abuse of discretion. *See Jackson v. Van Winkle,* 660 S.W.2d 807, 809 (Tex.1983); *Vannerson v. Vannerson,* 857 S.W.2d 659, 663 (Tex.App.—Houston [1st Dist.] 1993, writ denied). When all three elements of the *Craddock* test are met, the trial court abuses its discretion by not granting a new trial. *See Bank One, Texas, N.A. v. Moody,* 830 S.W.2d 81, 85 (Tex.1992).

■ In his motion for new trial, Novosad alleged that he satisfied the first prong of *Craddock* because his failure to file an answer was not the result of intentional or conscious indifference, "but [was] Defendant's reliance upon the statutory automatic stay against proceedings in this matter." The motion further stated that Cunningham did not give him notice of his nonsuit against Novosad's professional corporation. Because of this lack of notice, he was not "apprised that proceedings in this cause could commence" and he did not answer.

The only evidence submitted with Novosad's motion was an affidavit of one of his attorneys in this cause, Michael L. Durham. Mr. Durham first concluded that his firm entered a general appearance on behalf of Novosad's professional corporation by filing a notice of bankruptcy as to his corporation. He then alleges that he received no notice of Cunningham's nonsuit

of Novosad's corporation and his motion for default judgment. He then contends: "[A]s a result of Plaintiff's failure to properly notify counsel of record, Defendant B.L. Novosad, D.D.S., had no notice that this cause of action could proceed, and that it was permissible to file an answer to the lawsuit allegations." He then concludes that "[D]efendant B.L. Novosad, D.D.S.'s failure to file an answer in this matter was neither intentional nor the result of conscious indifference, but was due to mistake or accident. Defendant B.L. Novosad, D.D.S. has a meritorious defense to Plaintiff's allegations. A new trial would not occasion delay or otherwise work injury to the Plaintiff."

In his motion, Novosad stated his meritorious defense was that "he is not liable in the capacity in which he has been sued in this matter." He asserts that the debt which Cunningham seeks to collect is corporate debt of Novosad's professional corporation, and Novosad has no individual liability for this debt.

■ Novosad contends in his brief that Cunningham's failure to serve notices of his nonsuit and motion for default judgment, as well as Novosad's reliance on the automatic stay, led to his failure to answer. After Cunningham received the notice of bankruptcy, he sent a FAX to Novosad's attorney telling him that the bankruptcy stay did not stay the proceedings against Novosad individually and if he had any information or case law to the contrary, to please advise Cunningham. Novasad's attorney replied that "no further pleadings should be filed while the stay is in effect," and "any attempt to proceed in state court shall constitute contempt in the United States Bankruptcy Court." Novosad makes no legal argument nor cites any authority as to why his failure to receive notices of Cunningham's motion for nonsuit and motion for default judgment prevented him from filing a timely answer. This subpoint, under point of error two, is waived. Tex.R.App.P. 38.1(h); *Howell v.*

*Murray Mortg. Co.,* 890 S.W.2d 78, 81 (Tex.App.—Amarillo 1994, writ denied).

Novosad's professional corporation could rely on the automatic stay as to the case against it, but as we stated under point one, Novosad has not produced any evidence to show that the exception to the general rule for nondebtors applies here. Novosad was informed that Cunningham did not agree that the stay applied to his case individually, but he chose to disagree with Cunningham on this point and not file an answer.

Novosad's attorney now contends these factors should demonstrate that he has complied with the first prong of *Craddock* and his failure to file was not intentional or the result of conscious indifference, but was due to mistake or accident. The essence of Novosad's evidence is that he did not file an answer because Novosad's attorneys did not think Novosad individually could possibly be held liable due to the automatic stay provisions of the bankruptcy law. *See Holt Atherton Industries, Inc. v. Heine,* 835 S.W.2d 80, 82–83 (Tex.1992) (uncontested conclusory allegations are insufficient to show accident or mistake; failure to file answer because appellant and his agents "thought" they could not possibly be liable was not "mistake or accident" under first prong of *Craddock*). Absent any evidence to prove Novosad was entitled individually to the automatic stay for his corporation, we find Novosad's failure to answer was due to an erroneous interpretation of the bankruptcy law, was intentional, and Novosad was not entitled to relief from the default judgment on these grounds. *See also Cortland Line Co., Inc. v. Israel,* 874 S.W.2d 178, 183 (Tex.App.—Houston[14th Dist.] 1994, writ denied)(failure to appear for trial based on incorrect interpretation of the law was intentional, and they were not entitled to relief under bill of review). The trial court did not abuse its discretion in denying the motion because it could have concluded, based on the evidence before it, that Novosad's failure to answer was intentional or

due to conscious indifference. Because we hold that the first element of the *Craddock* test was not satisfied, we do not reach the other two elements. Novosad's point of error two is overruled.

### FAILURE TO GIVE NOTICE OF NONSUIT AND DEFAULT JUDGMENT

In point three, appellant contends that Cunningham's failure to give notice of his motion for nonsuit and default judgment is reversible error.

Rule 162, Texas Rules of Civil Procedure, provides, in pertinent part: "Notice of the dismissal or nonsuit shall be served in accordance with Rule 21a on any party who has answered or has been served with process without necessity of court order." Tex.R.Civ.P. 162. In *Orion Investments, Inc. v. Dunaway and Associates, Inc.*, 760 S.W.2d 371, 374 (Tex.App.—Fort Worth 1988, writ denied), the Fort Worth Court of Appeals held, in pertinent part:

> The rule [162] does not indicate the plaintiff's right to nonsuit is dependent on notifying all parties. We do not believe rule 162 modified long-established case law that the nonsuit is effective when the motion for nonsuit is filed. *Anglo Exploration Corp. v. Grayshon,* 562 S.W.2d 567, 568 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.).

*Orion Investments,* 760 S.W.2d at 374. *See also McGrew v. Heard,* 779 S.W.2d 455, 458 (Tex.App.—Houston [1st Dist.] 1989, no writ) (interlocutory summary judgment became final on the date of the nonsuit, notwithstanding the absence of service of notice of the nonsuit on the real parties in interest, as required by rule 162).

This Court stated in *Anglo Exploration Corp.:*

> Even if the appellants had appeared and contested the appellees' motion [to take nonsuit], the court would have been compelled to dismiss the action. The

appellants are not prejudiced by the dismissal in any event; depositions that were taken before the dismissal of the action may still be transcribed and filed in the trial court. Even though the appellees failed to furnish the appellants with timely notice of their motion for voluntary nonsuit, the granting of that motion was proper and does not furnish a basis for reversal.

*Anglo Exploration Corp.,* 562 S.W.2d at 568.

▮ If Novosad had appeared and contested the motion for nonsuit, the trial court would have been compelled to grant the motion to dismiss the action as to Novosad, P.C. Therefore, we find Novosad has failed to demonstrate that he was prejudiced by this lack of notice, and we overrule his subpoint claiming this lack of notice of nonsuit was reversible error. Tex. R.App.P. 44.1(a)(1); *Plainsman Trading Co. v. Crews,* 898 S.W.2d 786, 790 (Tex.1995)(appellant failed to prove that trial court error probably did cause rendition of an improper judgment).

▮ Novosad further claims the trial court erred by denying his motion for new trial because Cunningham did not give him notice of the filing of his motion for default judgment. Novosad contends he was deprived of due process under *L.B.L Oil Co. v. International Power Servs., Inc.,* 777 S.W.2d 390, 390–391(Tex.1989) providing that notice is required regarding a hearing on a *post-appearance* motion for default judgment. In this case, appellant never filed any answer nor did he enter any other form of appearance.

▮ In order for a no-answer default judgment to stand, due process requires that the defendant must have been formally served with process. *See Peralta v. Heights Med. Ctr., Inc.,* 485 U.S. 80, 86–87, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988); *Schnitzius v. Koons,* 813 S.W.2d 213, 215 (Tex.App.—Dallas 1991, no writ). However, after a defendant is served with the citation and petition, the plaintiff has no

legal duty to notify the defendant before taking a default judgment on the causes of action asserted in the served petition. *See Brooks v. Associates Fin. Servs. Corp.*, 892 S.W.2d 91, 94 (Tex.App.—Houston [14 th Dist.] 1994, no writ) (suit for balance of note, attorney's fees, and interest); *Long v. McDermott*, 813 S.W.2d 622, 624 (Tex. App.—Houston [1st Dist.] 1991, no writ) (unliquidated damages);

We find the trial court did not err in denying Novosad's motion for new trial on the grounds Cunningham failed to give him notice of his motion for nonsuit and his motion for default judgment. We overrule appellant's point of error three.

## AWARD OF DAMAGES

In point four, appellant erred in granting Cunningham damages based upon his pleadings and exhibits. In his motion for final default judgment, Cunningham filed his previous billings sent to Novosad totaling $4,495.00. Attached also were letters to Novosad claiming the balance due of $4,395.00 after Novosad's accountant, Earnest Weaver, paid $100.00 on the account. In his brief, Novosad concludes that "it is obvious that liquidated money damages cannot be determined from the evidence before the Court based on a suit on account."

A no-answer default judgment operates as an admission of the material facts alleged in the plaintiff's petition, except for unliquidated damages. *Holt Atherton Industries*, 835 S.W.2d at 83; *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex.1984). Under Rules 241 and 243, Texas Rules of Civil Procedure, proof is required only with respect to damages which are either unliquidated or not proven by a written instrument. A claim is liquidated if the amount of damages can be accurately calculated by the court from the factual, as opposed to the conclusory, allegations in the petition and an instrument in writing. *Willacy County Appraisal Review Board v. South Padre Land Co.*, 767 S.W.2d 201, 204 (Tex.App.—Corpus Christi 1989, no writ). *See also Pentes Design, Inc. v. Perez*, 840 S.W.2d 75, 79 (Tex.App.—Corpus Christi 1992, writ denied).

Cunningham's original petition alleged he was entitled to recover $4,395.00 dollars plus attorney's fees from Novosad's corporation and from Novosad individually, and the previous billings were attached to his verified petition. Novosad's corporation was properly nonsuited by Cunningham, and his suit against Novosad individually remained. Novosad did not answer and failed to appear. Cunningham's motion for default judgment asked for an award of liquidated damages in the sum of $4,395.00. The original invoices sent to Novosad, which were the same ones attached to Cunningham's original petition, were attached as proof. Therefore, the liquidated damages claimed by Cunningham in his original petition were admitted by Novosad by his failure to answer. *Pentes Design*, 840 S.W.2d at 79. The final judgment of the trial court sets out the correct amount of debt in the sum of $4,395.00. We find that Cunningham's liquidated damages were properly proved to the trial court by Cunningham's written instruments and by Novosad's admission of the material facts in Cunningham's original petition. *See Id.* Appellant's contentions are without merit, and we overrule appellant's point of error four.

We affirm the judgment of the trial court.