Affirmed and Opinion filed June 6, 2002









Affirmed and Opinion filed June 6, 2002.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-00-01464-CV

____________

 

IN
THE INTEREST OF 

 

P.K.C.,
L.E.W., L.J.W., and J.D.W., Jr.

 

 



 

On Appeal from the 314th District Court

Harris County, Texas

Trial Court Cause No. 99-07539J

 



 

O P I N I
O N

Judy
Clark appeals from a judgment terminating her parental rights.  In four points of error, appellant challenges
the factual sufficiency of the evidence and claims that the trial court erred
in terminating her parental rights because temporary custody had been awarded
based on a defective affidavit and that the Texas Department of Protective and
Regulatory Services (ATDPRS@) had no legal authority to file suit.  We affirm. 

Background
and Procedural History








In 1991,
appellant was convicted of the felony offense of injury to a child for hitting
her then six-year old son, P.K.C., with a utility belt.  Appellant was placed on ten years= probation and was required to attend
parenting classes and Narcotics Anonymous for smoking cocaine and
marijuana.  Vicki Gentry, a caseworker
for TDPRS from 1997 to 1999, testified that according to agency records, P.K.C.
and appellant=s two other children were removed
from appellant in 1991.  L.E.W. and
L.J.W. were returned to her in December of 1993 and P.K.C. was returned in June
of 1994.[1]  Thereafter, in May of 1997, appellant=s husband and P.K.C.=s stepfather was charged with injury
to a child for physically abusing P.K.C.[2]  TDPRS took custody of all four children on
May 13, 1997, due to serious marks on the children.  At that time, Gentry testified that she
created a Family Service Plan with the goal of family reunification.  The plan required the parents to participate
in counseling and required appellant to comply with the terms of her probation
plan.  Appellant signed the plan for
family reunification.  However, appellant
violated her probation in August of 1997 and was sentenced to five years= confinement.  The children remained with appellant=s husband until he failed to comply
with counseling requirements in October of 1997.  The three youngest children, L.E.W., L.J.W.,
and J.D.W., Jr., then were placed with their paternal aunt.  P.K.C. was placed in an emergency
shelter.  

Appellant
was released from jail in 1999 and placed in a halfway house.  However, appellant left the halfway house
without permission in August of 1999 and by October 18, 1999, Gentry determined
that appellant could not be found.  This
action then proceeded on the affidavit of Gentry, who stated under oath that
the mother=s presence was unknown.  The First Amended Petition to Terminate
Parent Child Relationship alleged that appellant voluntarily left the children
for 3 months or 6 months.  Both
biological fathers voluntarily relinquished parental rights.  The trial court entered a decree terminating
appellant=s rights on October 30, 2000.  This appeal followed.  

Factual
Sufficiency 








In her
first and second points of error, appellant challenges the factual sufficiency
of the evidence to support the trial court=s finding that termination of
appellant=s parental rights was in the best
interest of her four children.  

Involuntary
termination of the parent-child relationship is governed by section 161.001 of
the Texas Family Code.  A court may order
termination if it finds the following by clear and convincing evidence: (1) one
or more of the statutory grounds set forth in section 161.001(1), and (2) that
termination is in the best interest of the child.  Tex.
Fam. Code Ann. ' 161.001 (Vernon Supp. 2002). 
Appellant does not challenge the trial court=s finding by clear and convincing
evidence that appellant engaged in conduct meeting the first statutory ground
for termination under section 161.001(1).[3]  Appellant only attacks the trial court=s finding that termination of her
parental rights is in the children=s best interest.

Our
analysis begins by determining the proper standard of review.  As noted above, the Family Code requires a
trial court=s findings to be made by clear and
convincing evidence.  Tex. Fam. Code Ann. ' 161.001.  Recently, in In re W.C., 56 S.W.3d 863
(Tex. App.CHouston [14th Dist.] 2001, no pet.),
this court addressed whether we should apply a heightened standard when
reviewing a factual sufficiency complaint in such cases.  Due to the fundamental constitutional rights
implicated by termination of the parent-child relationship, and in light of the
Texas Supreme Court=s opinion in Turner v. KTRK Television, Inc., 38
S.W.3d 103 (Tex. 2000), we concluded that an order terminating parental rights
should be subject to a heightened standard of appellate review.  In re W.C., 56 S.W.3d at 868.  Accordingly, we may sustain appellant=s factual sufficiency challenge only
if, after reviewing all the evidence in the record, we determine that (1) the
evidence is factually insufficient to support the trial court=s finding by clear and convincing
evidence, or (2) the court=s finding is so contrary to the weight of contradicting
evidence that no trier of fact could reasonably find the evidence to be clear
and convincing.  Id. 








In Holley
v. Adams, the Texas Supreme Court listed several factors that courts have
considered in determining whether termination is in a child=s best interest.  This nonexclusive list of factors includes:
(1) the desires of the child; (2) the present and future emotional and physical
needs of the child; (3) the present and future emotional and physical danger to
the child; (4) the parenting abilities of the individuals seeking custody; (5)
the programs available to assist these individuals to promote the best
interests of the child; (6) the plans for the child of these individuals or the
agency seeking custody; (7) the stability of the home or proposed placement;
(8) the acts or omissions of the parent that may indicate the existing parent‑child
relationship is not a proper one; and (9) any excuse for the acts or omissions
of the parent.  544 S.W.2d 367, 371-72
(Tex. 1976).  

The
trial court had before it evidence of a pattern of domestic and physical abuse
of the children beginning with appellant=s conviction of injury to a child in
1991.  Appellant=s sister-in-law, Aretha Kay Williams,
testified that she lived with the family while appellant=s children were living in the home
and witnessed the parents= physical and verbal abuse of the children.  She testified that she saw appellant strike
the two oldest children by hitting them in the back with her fist and using a
broom handle.  Appellant testified that
her husband physically abused her and that she thought it was okay for him to
physically punish P.K.C.  Appellant agreed,
however, that it was not appropriate for her husband to physically and verbally
abuse P.K.C.  She also admitted that
these acts by her husband endangered the physical and emotional well-being of
her child.  In May of 1997, appellant=s husband was charged with injury to
a child for physically abusing P.K.C. and TDPRS took custody of all four
children due to serious marks on the children. 









When
TDPRS took custody of the children it entered into a Family Reunification Plan
with appellant.  As part of the Family
Reunification Plan, appellant was required to satisfy the terms of her
probation.  However, appellant violated
the terms of her probation and subsequently was incarcerated in 1997.  The evidence further showed appellant
admitted that she made no attempt to find out about her children=s well-being while she was in prison
and provided no food or clothing for the children while she was
incarcerated.  Appellant claimed that she
made no attempt to contact TDPRS regarding the status of her children because
she did not have the contact information; she admitted on cross-examination,
however, that she had that information. 
Appellant was unable to provide the name of a relative who was willing
to take in her children.

Appellant
was released from jail in 1999 and placed in a halfway house.  However, appellant left that house without
authorization.  Appellant was found and
returned to confinement.  While
incarcerated, and while the suit for termination was pending, appellant engaged
in fighting, which extended the time appellant would be required to remain in
prison.  Finally, appellant admitted that
once released from prison she had no plans to return to Houston where her
children were living, but said she would try to visit them some weekends.

Janine
Collymore, the children=s TDPRS caseworker at the time of trial, testified that
P.K.C. was in an emergency shelter and that he supported termination of
appellant=s parental rights over him.  She also testified that the other children
have been living with their paternal aunt for three years, have adjusted well
to the placement, and wished to be adopted by their aunt.  Collymore stated that the aunt=s home provides a safe and stable
environment.

We find
the evidence is factually sufficient to support a finding by clear and
convincing evidence that termination of appellant=s parental rights is in the best
interest of her children.  We overrule
appellant=s first and second points of error.         








In her
third point of error, appellant claims the procedures initiating the
termination process were improper. 
Appellant specifically argues that TDPRS took emergency possession of
the children, but failed to comply with section 262.101 of the Texas Family
Code.  See Tex. Fam. Code Ann. ' 262.101 (Vernon Supp. 2002) (requiring
TDPRS to obtain prior court approval, based on a hearing supported by an
affidavit, sworn to by a person with personal knowledge, before taking
possession of the children).  However,
the Petition to Terminate Parent-Child Relationship establishes that TDPRS took
possession of the children pursuant to section 262.104 of the Texas Family
Code, which does not require prior court approval or support of an
affidavit.  See Tex. Fam. Code Ann. ' 262.104 (Vernon Supp. 2002).  The record indicates TDPRS complied with the
procedural requirements of section 262.104 of the Texas Family Code in
initiating the termination process. 
Therefore, appellant=s argument on this point is without merit.  

Further,
appellant asserts no authority in support of her contention that an alleged
error in the temporary award of emergency custody requires reversal of the
trial court=s later termination of appellant=s parental rights.  See Tex.
R. Civ. P. 38.1.; see also Novostad v. Cunningham, 38 S.W.3d 767,
771 (Tex. App.CHouston [14th Dist.] 2001, no pet.)
(holding that when a party cites no authority in support of a point of error
that issue is waived).  Appellant=s third point of error is overruled.[4]








In her
fourth and final point of error, appellant argues that TDPRS did not have
authority to re-file this suit after the original suit was dismissed due to the
disqualification of the judge.  Appellant
relies on In the Interest of T.M. to claim that section 263.401 of the
Texas Family Code bars refiling suit without alleging new facts.  33 S.W.3d 341, 347 (Tex. App.CAmarillo 2000, no pet.); see Tex. Fam. Code Ann. ' 263.401 (Vernon Supp. 2002).  Section 263.401 requires automatic dismissal
of a case when no final judgment is issued within 18 months of filing a
Temporary Managing Conservatorship (ATMC@) action.  This section also requires a showing of new
facts in order to re-file a TMC action that has been automatically dismissed
for lack of a final judgment within the statutorily required time frame.  However, the record shows that the prior suit
here was dismissed because the trial judge had a conflictBas a former ad litem attorney for the
children in a prior suit.  The suit was
re-filed in a different court the next day. 
This case was not a forced dismissal under the statute and therefore,
section 263.401 does not apply. 
Accordingly, appellant=s argument on this point is without merit and her fourth
point of error is overruled.  

The
judgment of the trial court is affirmed. 


 

 

 

/s/        Leslie
Brock Yates

Justice

 

 

 

Judgment rendered and
Opinion filed June 6, 2002.

Panel consists of
Justices Yates, Edelman, and Wittig[5].

Do Not Publish C Tex.
R. App. P. 47.3(b).

 











[1]  Appellant
later gave birth to a fourth child, J.D.W., Jr.





[2]  Appellant=s husband is the biological father of appellant=s three other children.  





[3]  Specifically,
the court found by clear and convincing evidence that appellant Aengaged in conduct or knowingly placed the children
with persons who engaged in conduct which endangers the physical or emotional
well-being of the children.@  See Tex. Fam. Code Ann. ' 161.001(1)(E).





[4]  In addition,
we note that TDPRS submitted an affidavit from Vicki Gentry, who had personal
knowledge based on her experience as the TDPRS caseworker for appellant=s children from 1997 to 1999.  





[5]  Senior Justice
Wittig sitting by assignment.