Opinion issued October 18, 2007













 



In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00924-CV






KERRY G. FELLOWS, Appellant


V.


RASHEED ADAMS, Appellee






On Appeal from the 127th District Court

Harris County, Texas

Trial Court Cause No. 2005-70334




 

MEMORANDUM OPINION This is an appeal from a no-answer default judgment rendered against
appellant, Kerry G. Fellows, in favor of appellee, Rasheed Adams. In three points of
error, Fellows contends that the trial court erred by rendering the default judgment
because (1) service was defective, (2) Adams's "pleading was insufficient" to
demonstrate liability, and (3) no hearing was held regarding the unliquidated damages
that were awarded. 

 We affirm in part, and reverse and remand in part. 

Background

 On September 9, 2002, Adams hired attorney Fellows to represent him in a
federal criminal matter. The parties executed an "Attorney Employment Contract"
("Contract"), pursuant to which Adams agreed to pay Fellows $12,500 to negotiate
a plea agreement and to pay Fellows $40,000 if a satisfactory plea could not be
reached and the case went to trial. Pursuant to the Contract, Fellows was to obtain
the release of money and property that was seized by federal officials from Adams
when he was arrested. Fellows was then to take his $12,500 fee out of the property
recovered, specifically, from "watches and funds in the approximate amount of
$67,000.00." 

 Subsequently, a plea agreement was reached. Adams asserts that the money
and property at issue were released, that Fellows kept $12,500, as agreed, and that
Fellows returned $39,500 to Adams's wife. Adams contends that Fellows failed to
return $15,800 in cash and $38,800 in "computer equipment." 

 Adams asserts that, on November 4, 2004, he sent a letter to Fellows,
demanding the return of these items. On May 10, 2005, Fellows turned over a portion
of the property and agreed in writing to return the computer equipment within 10
days. Adams asserts that Fellows never turned over the $15,800 or the computer
equipment. 

 On October 31, 2005, Adams sued Fellows (1) for breach of contract, fraud, and
conversion. Adams served Fellows through the deputy constable by certified mail. 
The return receipt reflects an illegible signature that Adams asserts, and Fellows does
not dispute, is Fellows's signature. Fellows failed to answer. 

 Almost a year later, on July 21, 2006, the trial court rendered a default
judgment in favor of Adams. (2) The trial court concluded that Fellows had been duly
served but had failed to answer and awarded Adams $54,600.00 plus interest and
costs. The record shows that Adams filed his motion for default judgment a month
later, on August 22, 2006, to which he appended his affidavit.

 On August 30, 2006, Fellows filed an answer and a motion to set aside the
default judgment. After a hearing, the trial court denied the motion.

Service of Process

 In his first point of error, Fellows contends that the trial court erred by
rendering a default judgment against him because service of process was defective.

 A default judgment cannot withstand a direct attack by a defendant who shows
that he was not served in strict compliance with the rules governing service of
process. Primate Constr., Inc. v. Silver, 884 S.W.2d 151, 152 (Tex. 1994); Barker
CATV Constr., Inc. v. Ampro, Inc., 989 S.W.2d 789, 792 (Tex. App.--Houston [1st
Dist.] 1999, no pet.). There are no presumptions of valid issuance, service, or return
of citation when examining a default judgment. Silver, 884 S.W.2d at 152; Ampro,
Inc., 989 S.W.2d at 792. Jurisdiction over the defendant must affirmatively appear by
a showing of due service of process, independent of recitals in the default judgment. 
Ampro, Inc., 989 S.W.2d at 792. 

 Texas Rule of Civil Procedure 106, which governs service of citation, provides,
in pertinent part, that citation must be served by delivering a copy of the citation and
petition to the defendant, in person, or by "mailing to the defendant by registered or
certified mail, return receipt requested, a true copy of the citation with a copy of the
petition attached thereto." Tex. R. Civ. P. 106. When a citation is served by
registered or certified mail as authorized by Rule 106, the officer's return must
"contain the return receipt with the addressee's signature." Tex. R. Civ. P. 107. 

 Here, the record shows that service on Fellows was by a deputy constable on
November 10, 2005, and that it was "[e]xecuted at P.O. Box 36324 Houston, TX
77236, by mailing to . . . Kerry G. Fellows" by "registered/CERTIFIED MAIL with
delivery RESTRICTED TO ADDRESSEE ONLY." The return is signed by the
deputy and contains the return receipt. The record shows that "P.O. Box 36324
Houston, TX 77236" is Fellows's address. The return receipt bears an illegible
signature that Adams asserts, and Fellows does not dispute, is Fellows's signature.
Fellows contends that service was defective because the "Restricted Delivery" box
is not checked on the return receipt. 

 Rule 106 requires that citation be mailed to the defendant "by registered or
certified mail, return receipt requested," with a copy of the petition attached. Tex. R.
Civ. P. 106. Rule 106 no longer requires "restricted delivery." Fellows does not
direct us to any authority, and we find none, that currently holds that failure to check
the box for restricted delivery on the return receipt constitutes defective service. 

 Accordingly, Fellows's first point of error is overruled.


Sufficiency of the Pleading

 In his second point of error, Fellows contends that the trial court erred by
rendering a default judgment against him because Adams's "pleading is insufficient"
to demonstrate liability. Specifically, Fellows contends that Adams "fail[ed] to assert
that [Fellows] ever took possession of said money or computers." 

A. Standard of Review and Principles of Law

 Upon call of the docket or at any time after a defendant is required to answer,
the plaintiff may take a default judgment against the defendant if he has not
previously answered and provided that the citation and return have been on file with
the clerk for 10 days. Tex. R. Civ. P. 107, 239. A no-answer default judgment is
properly granted if (1) the plaintiff files a petition that states a cause of action, (2) the
petition invokes the trial court's jurisdiction, (3) the petition gives fair notice to the
defendant, and (4) the petition does not disclose any invalidity of the claim on its
face. Texaco, Inc. v. Phan, 137 S.W.3d 763, 769 (Tex. App.--Houston [1st Dist.]
2004, no pet.). If the facts set out in the petition allege a cause of action, a default
judgment conclusively establishes the defendant's liability. Id. (citing Morgan v.
Compugraphic Corp., 675 S.W.2d 729, 731 (Tex. 1984)). The non-answering party
is deemed to have admitted all facts properly pleaded. Id. (citing Holt Atherton
Indus., Inc. v. Heine, 835 S.W.2d 80, 83 (Tex. 1992)). Consequently, the non-answering party is precluded from challenging the sufficiency of the evidence
supporting his liability. Phan, 137 S.W.3d at 770. 

B. Analysis

 Here, Adams sued Fellows for, inter alia, breach of contract. Recovery under
a breach of contract claim requires proof of four elements: (1) the existence of a valid
contract, (2) performance or tendered performance by the plaintiff, (3) breach of the
contract by the defendant, and (4) damages sustained by the plaintiff as a result of the
breach. Crowder v. Sheirman, 186 S.W.3d 116, 118-19 (Tex. App.--Houston [1st
Dist.] 2005, no pet.). We examine the pleadings to determine whether the facts set
out sufficiently plead a cause of action to support the judgment.

 Adams asserts in his petition that he entered a written contract with Fellows,
pursuant to which Adams agreed to pay Fellows $12,500 to represent him in plea
negotiations with the federal government. In addition, Fellows agreed to recover
property belonging to Adams which was in the custody of federal authorities. 
Pursuant to the Contract, Fellows's $12,500 fee was to be paid from "the money and
jewelry in the possession of the federal government as soon as recovered by Attorney
Fellows." The parties do not dispute the validity of the Contract.

 In his petition, Adams asserts that a plea agreement was reached, that Fellows
recovered the Adams's property from the federal government, and that Fellows's
services concluded. Adams alleges that Fellows was entitled to retain $12,500 for his
services and that Fellows turned over $39,500 to Adams's wife. Adams asserts that,
on May 10, 2004, Fellows executed an additional written agreement to turn over the
recovered "computer equipment" still in his possession. Adams asserts that Fellows
breached the Contract by failing to return to Adams $15,800 in cash and computer
equipment valued at $38,800. Adams asserts that, as a result, he has sustained
$54,600 in damages. 

 We conclude that these facts set out in the petition allege a cause of action for
breach of contact; hence, the default judgment conclusively establishes Fellows's
liability. See Morgan, 675 S.W.2d at 731. 

 Accordingly, Fellows's second issue is overruled.

Sufficiency of the Proof of Damages

 In his third point of error, Fellows contends that the trial court erred by
awarding unliquidated damages without a hearing.

 In a no-answer default judgment, the failure to file an answer operates as an
admission of the material facts alleged in the petition, except as to unliquidated
damages. Heine, 835 S.W.2d at 83. If the damages being claimed are unliquidated,
the court rendering a default judgment must hear evidence as to damages. Tex. R.
Civ. P. 243; Heine, 835 S.W.2d at 83. It is error for the trial court to fail to require
proof of unliquidated damages before rendering a default judgment for such damages.
See Jones v. Andrews, 873 S.W.2d 102, 107 (Tex. App.--Dallas 1994, no writ). 

 A claim for damages is liquidated if the amount of damages can be accurately
calculated by the court from the factual, as opposed to the conclusory, allegations in
the petition and written instruments. See Novosad v. Cunningham, 38 S.W.3d 767,
773 (Tex. App.--Houston [14th Dist.] 2001, no pet.). When a claim is liquidated and
proven by written instrument, the trial court must assess damages and render final
judgment unless the defendant demands and is entitled to a trial by jury. See Tex.R.
Civ. P. 241.

 Here, Adams alleges in his petition that Fellows breached the Contract because
he failed to return $15,800 in cash and "computer equipment" valued at $38,800. 
Adams attached, as support for his allegations, a copy of the Contract and the receipt
Fellows signed promising to return the computer equipment. The Contract reflects
that the parties agreed that Fellows's $12,500 would come out of "the watches and
funds in the approximate amount of $67,000" in the custody of the federal
government, of which Fellows was to obtain release. 

 In addition, Adams attached a receipt from his attorney at the time, Ron
Johnson, acknowledging that Fellows had returned certain jewelry and cash to
Adams's wife. The receipt bears the signatures of Johnson and Adams's wife. The
receipt also reflects that "Fellows agrees to provide remaining computer equipment
within 10 days," and bears Fellows's signature. The receipt does not mention the
$15,800 in cash allegedly outstanding. Adams did not offer any facts as to the basis
of the valuation of the computer equipment at issue. 

 We conclude that Adams failed to provide any factual bases to support his
allegation that $15,800 remains outstanding from what was recovered by Fellows
from federal authorities or that $38,800 is the value of the computer equipment at
issue. (3) Hence, Adams's claim for damages is unliquidated because the amount of
damages cannot be accurately calculated by the court from the factual allegations in
the petition and written instruments. See Novosad, 38 S.W.3d at 773. Documents that
represent merely conclusory allegations will not support an amount awarded for
unliquidated damages. See id.; Jones, 873 S.W.2d at 107. Accordingly, we hold that
Adams failed to support the award for damages.

 Accordingly, we sustain Fellows's third point of error. 


Conclusion

 We reverse and remand the trial court's judgment as to the issue of damages. 
See Heine, 835 S.W.2d at 86 (explaining that, when no-evidence point is sustained
as to unliquidated damages resulting from no-answer default judgment, appropriate
disposition is to remand for new trial on issue of unliquidated damages); Morgan, 675
S.W.2d at 734 (explaining that new trial is limited to issue of damages because
liability is already established by default). We affirm the trial court's judgment in all
other respects. 

 



 Laura Carter Higley

 Justice


Panel consists of Justices Taft, Hanks, and Higley.


1. - ' 
 
 ' 
2. ' - 
 
 -
3. ' 
 
 
 
 
 ' 
 - 
 " "