# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00331-CV

**Randolph A. Lopez, d/b/a Brown Hand Center and d/b/a Brown Medical Center, Appellant**

**v.**

**Cox Texas Newspapers, L.P., d/b/a Austin American-Statesman, Appellee**

### COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-13-002354, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Randolph A. Lopez, d/b/a Brown Hand Center and d/b/a Brown Medical Center, appeals from a post-answer default summary judgment in favor of Cox Texas Newspapers, L.P., d/b/a Austin-American Statesman, in a suit on a sworn account to collect on unpaid advertising services. In two issues, Lopez asserts that the trial court erred by declining to grant his motion for new trial because it (1) applied an incorrect standard and (2) abused its discretion because Lopez established the three elements required to set aside the judgment under the modified standard. For the reasons set forth below, we will affirm the trial court's judgment.

## BACKGROUND

In March 2013, Cox sued Michael Glyn Brown d/b/a Brown Hand Center and d/b/a Brown Medical Center and Lopez (using the same d/b/a names) on a sworn account to recover

payment for advertisements that Cox ran in the Austin American-Statesman during 2012. The defendants answered in May, filing an unverified general denial. *See* Tex. R. Civ. P. 185 (establishing that failure to file verified denial waives defendant's right to dispute claim); *see also Vance v. Holloway*, 689 S.W.2d 403, 404 (Tex. 1985) (per curiam) (holding that defendant who failed to file verified denial waived right to dispute amount and ownership of account). In response to Cox's request for admissions directed to defendant Lopez d/b/a Brown Hand Center and d/b/a Brown Medical Center, Lopez admitted that he had accepted the ads as run and at the price he and Cox had agreed to and that he owed Cox payment.

About a month after Lopez responded to the requests for admissions, both Brown Medical Center, Inc. (which was not a named party to the lawsuit) and Michael Brown filed petitions for bankruptcy. Cox nonsuited Michael Brown but continued its lawsuit against Lopez. Cox next moved for summary judgment against Lopez.

Lopez filed "Defendants, Michael Glyn Brown d/b/a Brown Hand Center and d/b/a Brown Medical Center and Randolph A. Lopez d/b/a Brown Hand Center and d/b/a Brown Medical Center's Suggestion of Bankruptcy," asserting that the case should be stayed against "Defendants Brown Medical Center" because of the pendency of its voluntary bankruptcy petition. Lopez did not respond to Cox's summary-judgment motion or attend the hearing. The trial court rendered judgment against him.

Lopez filed a motion for new trial, asserting that (1) his failure to appear was the result of mistake or accident, (2) he has a meritorious defense to Cox's claims because he was not the contracting party, and (3) Cox lacks standing to pursue its claims against Lopez because it cannot

2

"fairly trace" its injury to Lopez. After a hearing on the motion, the trial court allowed it to be overruled by operation of law. This appeal followed.

## DISCUSSION

In two issues on appeal, Lopez asserts that the trial court erred by failing to grant his motion for new trial. First, Lopez argues that the trial court should have applied a modified version of the *Craddock* elements to his motion for new trial based on his assertion that he did not learn of his mistake until after the judgment was rendered. *See Craddock v. Sunshine Bus Lines Inc.*, 133 S.W.2d 124, 126 (Tex. 1939) (establishing standard for setting aside default judgment). Second, Lopez contends that the trial court abused its discretion by not granting his motion for new trial because he established the three elements required to set aside the judgment under the modified standard.

### Standard of review

We review a trial court's disposition of a motion for new trial for an abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner or without reference to any guiding rules and principles. *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000) (per curiam). When a defaulting party moving for new trial meets all three elements of the *Craddock* test, then a trial court abuses its discretion if it fails to grant a new trial. *Dolgencorp*, 288 S.W.3d at 926.

It is unclear, however, if *Craddock* applies in the default summary-judgment context. *Limestone Constr., Inc. v. Summit Commercial Indus. Props., Inc.*, 143 S.W.3d 538, 542 (Tex.

App.—Austin 2004, no pet.). Some appellate courts have applied a modified standard in the default summary-judgment context. *Id.* at 542 & n.5 (citing numerous cases). Under the modified standard, a default summary judgment should be set aside if (1) the failure to answer was not intentional or the result of conscious indifference but instead was the result of an accident or mistake, and the nonmovant's motion for new trial (2) alleges facts and contains proof sufficient to raise a material question of fact (as opposed to setting up a meritorious defense, as *Craddock* requires) and (3) demonstrates that granting the motion will cause no undue delay or other injury to the movant. *Id.* at 542. The Texas Supreme Court has held that a different, "good cause" standard applies, however, at least when a summary-judgment nonmovant fails to timely respond but learns of its failure before the summary-judgment hearing and has an opportunity to seek a remedy under the rules of civil procedure, such as a continuance or leave to file a late response. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 688 (Tex. 2002) (requiring nonmovant to show that (1) failure to respond was not intentional or result of conscious indifference and (2) allowing late response will cause no undue delay or other harm to party seeking summary judgment); *see also Limestone Constr.*, 143 S.W.3d at 543 n.7 (noting that supreme court articulated *Carpenter's* good-cause test in context of nonmovant's motion for leave to file late summary-judgment response but applied same standard to nonmovant's motion for new trial).

We need not decide whether *Craddock*, the modified summary-judgment standard, or *Carpenter* applies, however, because the first element of each standard is the same and Lopez has not satisfied it: the defaulting party must establish that its failure to respond was not intentional or the result of conscious indifference but instead was the result of a mistake or accident. *Fernandez*

4

*v. Peters*, No. 03-09-00687-CV, 2010 WL 4137491, at *8-9 (Tex. App.—Austin Oct. 19, 2010, no pet.) (mem. op.) (deciding failure to respond was result of conscious indifference and thus court need not determine which standard should apply); *see also Craddock*, 133 S.W.2d at 126; *Carpenter*, 98 S.W.3d at 688; *Limestone Constr.*, 143 S.W.3d at 542. The defaulting party's burden under the first element has been satisfied when its factual assertions, if true, negate intentional or consciously indifferent conduct, and the factual assertions are not controverted. *In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006) (per curiam). We look to all the evidence in the record to determine whether the defendant's factual assertions are controverted. *Id.*

The test for whether the defaulting party has satisfied the conscious-indifference element is not a negligence standard. *Levine v. Shackelford, Melton & McKinley, L.L.P.*, 248 S.W.3d 166, 168 (Tex. 2008) (per curiam). Rather, the test is whether the defaulting party "*knew* it [should respond] but did not care." *Fidelity & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 575-76 (Tex. 2006) (per curiam) (emphasis added). In determining whether the failure to respond was intentional or the result of conscious indifference, the court looks to the knowledge and acts of the defaulting party or his representative. *In re R.R.*, 209 S.W.3d at 115; *see also Holt Atherton Indus. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992) (party relying on agent or representative to file answer must show failure to answer was not intentional or result of conscious indifference of either party or his representative).

**Application**

In his motion for new trial, Lopez argued that his failure to respond to Cox's summary-judgment motion was the result of a mistake, not conscious indifference. He asserted that

he did not respond because he believed the court would stay the case in light of Brown Medical Center, Inc.'s bankruptcy.

As proof of this belief, Lopez offered only the affidavit of Elizabeth DeLeon, his attorney's secretary, who attested as follows:

> After filing the Suggestion of Bankruptcy, I contacted the Court to have the hearing on Plaintiff's Motion for Summary Judgment removed from the calendar. I was advised that the proceeding should not go forward, and that Plaintiff's counsel should call the court and cancel said hearing if they were in receipt of the Suggestion of Bankruptcy. I was also told that the Judge would not sign an order on Plaintiff's motion as a suggestion of bankruptcy was on file.

DeLeon further stated that she made multiple attempts to contact Cox's counsel, including on the day of the hearing, to see whether the hearing remained on the court's docket. No documents were attached to DeLeon's affidavit, but Cox's counsel entered into evidence an e-mail from DeLeon to Cox's counsel that DeLeon sent at 11:46 a.m. on the date of the hearing, which was set for 2:00 p.m. In the e-mail, DeLeon asked Cox's counsel whether the summary-judgment hearing had been taken off the court's calendar because Lopez had filed a suggestion of bankruptcy. DeLeon stated in the email, "I called the court yesterday and it was still on, but they said it should have been taken off the calendar. Please advise."

DeLeon's affidavit does not establish that Lopez's failure to respond was not intentional or the result of conscious indifference. First, Lopez and his counsel had actual notice of the hearing. *Cf. Limestone Constr.*, 143 S.W.3d at 544 (holding lack of notice sufficient to meet *Craddock's* requirements). The evidence admitted at the hearing on the motion for new trial shows

6

that Lopez's counsel knew on the morning of the hearing that the hearing remained on the court's calendar, but he made a conscious choice not to appear at the hearing.

Second, Lopez's mistaken interpretation of the bankruptcy law is "not the type of mistake which negates conscious indifference." *Carey Crutcher, Inc. v. Mid-Coast Diesel Servs., Inc.*, 725 S.W.2d 500, 502 (Tex. App.—Corpus Christi 1987, no writ) (attorney testified to mistaken belief that suit was covered by automatic stay, but Crutcher entity sued was not Crutcher entity in bankruptcy, and attorney did not file suggestion of bankruptcy), *overruled on other grounds by Director, State Emps. Workers Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994); *see also Novosad v. Cunningham*, 38 S.W.3d 767, 771 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (holding that party's failure to answer based on mistake of bankruptcy law "was intentional"). While a mistake of law in some circumstances may be sufficient to disprove conscious indifference, it is not the case that "every act of a defendant that could be characterized as a mistake of law is a sufficient excuse." *Bank One, Tex., N.A. v. Moody*, 830 S.W.2d 81, 84 (Tex. 1992) (citing *Carey Crutcher,* 725 S.W.2d at 502).

In *Novosad*, the plaintiff sued Novosad (the defaulting party) individually and also sued his professional corporation. *Novosad*, 38 S.W.3d at 769. After the professional corporation filed a notice of bankruptcy, the plaintiff nonsuited the professional corporation. *Id.* Novosad contended that his corporation's bankruptcy stay should apply to him individually because the plaintiff was proceeding on the theory of joint liability, joint enterprise, and alter ego. *Id.* The appellate court found that Novosad had not offered evidence to establish the conditions under which a codefendant is sometimes entitled to the protection of the stay in a situation in which the assets of

the bankruptcy stay would be jeopardized by allowing court proceedings to proceed against the codefendant. *Id.* at 770. Explaining that "the essence of Novosad's evidence is that he did not file an answer because Novosad's attorneys did not think Novosad individually could possibly be held liable due to the automatic stay provisions of the bankruptcy law," the court held that "[a]bsent any evidence to prove Novosad was entitled individually to the automatic stay for his corporation, we find Novosad's failure to answer was due to an erroneous interpretation of the bankruptcy law, was intentional, and Novosad was not entitled to relief from the default judgment on these grounds." *Id.* at 771.

In this case, the bankruptcy filing attached to Lopez's motion for new trial shows that "Brown Medical Center, *Inc.*" was the entity in bankruptcy. (Emphasis added.) Brown Medical Center, Inc. was not a named party to the lawsuit. However, the suggestion of bankruptcy names "Michael Glyn Brown d/b/a Brown Hand Center and d/b/a Brown Medical Center and Randolph Lopez d/b/a Brown Hand Center and d/b/a Brown Medical Center" collectively as "Brown Medical Center" and states throughout that "Brown Medical Center"—not Brown Medical Center, Inc.—had filed a petition for bankruptcy and that "Defendants Brown Medical Center is the Debtor." Lopez acknowledges in his appellate brief that he and Brown were both sued in their personal capacity, and Cox submitted as summary-judgment evidence an "assumed name records certificate of ownership for unincorporated business or profession" signed by Lopez, showing that he had filed a certificate to conduct business under the name "Brown Hand Center, Austin." *See* Tex. Bus. & Com. Code § 71.051 (requiring certificate to be filed if person regularly conducts business or

8

renders professional service in Texas under assumed name "other than as a corporation, limited partnership, limited liability partnership, limited liability company, or foreign filing entity").

On appeal, Lopez argues that he and his counsel mistakenly (1) believed that the suggestion of bankruptcy precluded the need for a response and (2) relied on the discussions between the trial-court clerk and his counsel's secretary "to bolster his erroneous belief." Lopez further argues that he contended in the trial court that Brown Medical Center, Inc., not Lopez, is the actual party who contracted with Cox, and that this contention was the basis for his belief that the suggestion-of-bankruptcy filing was the only filing necessary to advise Cox that its claims had to be brought in the bankruptcy court against Brown Medical Center, Inc.[1] As explained above, however, the suggestion of bankruptcy never mentions Brown Medical Center, Inc. Instead, the filing purports to inform the court that Brown and Lopez in their personal capacities, together as "Brown Medical Center," have filed for bankruptcy. The misleading information provided in the suggestion of bankruptcy is enough standing alone for the trial court to have determined that Lopez's failure to respond to the summary-judgment motion was intentional or the result of conscious indifference.

---

[1] Lopez did not inform Cox or the trial court of this contention in either his suggestion of bankruptcy or his motion for new trial. Instead, Lopez asserted in his motion for new trial that summary judgment should not have been granted because a material fact issue existed as to whether Lopez was the party who contracted with Cox. We note, however, that before Brown Medical Center, Inc. filed for bankruptcy, Lopez had judicially admitted that he had accepted the ads as run and at the price he and Cox had agreed to, and that he owed Cox payment. *See Marshall v. Vise*, 767 S.W.2d 699, 700 (Tex. 1989) ("An admission once admitted, deemed or otherwise, is a judicial admission, and a party may not then introduce testimony to controvert it.").

9

Moreover, neither Lopez nor his counsel submitted an affidavit attesting to their asserted mistaken belief. DeLeon's affidavit also lacks any statements about what she believed based on the information that she was given by the court clerk. There are no factual allegations in evidence that support Lopez's assertion that he failed to respond due to a mistake. *See Holt Atherton*, 835 S.W.2d at 83.

We conclude that there is evidence in the record of the knowledge and acts of Lopez and his counsel that provided a reasonable basis for the trial court to decide that Lopez's failure to respond to Cox's summary-judgment motion was not due to accident or mistake but was intentional or the result of conscious indifference. *See Levine*, 248 S.W.3d at 169. Accordingly, the trial court acted within its discretion when it allowed Lopez's motion for new trial to be overruled by operation of law. We overrule Lopez's second issue.

Because Lopez did not prove that his failure to respond was not intentional or the result of conscious indifference, it is unnecessary to consider Lopez's arguments about the other elements under any of the three standards, including his meritorious-defense challenge to the trial court's award of attorney's fees, and we need not reach Lopez's first issue asserting that the trial court applied the wrong standard. *See Fernandez*, 2010 WL 4137491, at *9.

## CONCLUSION

Having overruled Lopez's second issue, we affirm the trial court's judgment.

10

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed:   July 23, 2015

11