**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00195-CV**
_____

**UNIFUND CCR, LLC, Appellant**

**V.**

**EYDIE A. MILONE, Appellee**

_____

**On Appeal from the 457th District Court**
**Montgomery County, Texas**
**Trial Cause No. 19-09-12499-CV**

_____

**MEMORANDUM OPINION**

Appellant Unifund CCR, LLC (Unifund) appeals the trial court's take-nothing judgment. For the reasons set forth below, we affirm.

**I. Background**

Unifund alleges that Milone opened a credit card with Citibank, N.A., that Milone used the credit card to make purchases or take cash advances, and that some payments were made against the balance due. According to Unifund, the account fell

1

behind, causing Citibank to close the account and sell the outstanding debt to Unifund. Unifund sued Milone for the balance due on the account plus attorneys' fees. Unifund's petition included fifteen requests for admissions, which Milone was required to answer within 50 days after service.[1] *See* Tex. R. Civ. P. 198.2(a). Milone filed an answer six weeks after Unifund filed suit, but Unifund alleges Milone never responded to the requests for admissions and that Milone did not appear at the trial conducted over a year after the suit was filed.

The trial court, sitting without a jury, took judicial notice of the court's file, which included Milone's motion for continuance. The court denied the continuance and proceeded to trial. Unifund called no witnesses at trial, and it introduced only one exhibit, Unifund's business records affidavit, which had some account statements and other documents attached to the affidavit. The trial court asked Unifund's attorney if there were any witnesses or other evidence Unifund wished to offer, and the attorney stated there was nothing else. The trial court noted on the record that the statements reflected no purchases or cash withdrawals. The Court also stated: "Well, I am going to -- by law, I have to render a take-nothing verdict for the defendant. I'm -- I don't see the establishment of a contract. I do see the

---

[1] The appellate record does not reflect the date Milone was served with process. Milone's answer, however, filed on October 21, 2019, constitutes a general appearance, and waives any hypothetical defects in service of Unifund's original petition. *See* Tex. R. Civ. P. 121; *Rose v. Rose*, 117 S.W.3d 84, 87 (Tex. App.—Waco 2003, no pet.) (discussing the effects of filing an answer).

Business Record Affidavit, which has 29 pages attached, which is a charge-off statement, and some payments, which does -- is not enough to meet the burden to prove the existence of the contract." Appellant made no objections to the court's consideration of its exhibit, nor any offer of the alleged deemed admissions at trial. The court determined the evidence to be insufficient, found in favor of Milone, and entered a take nothing judgment against Unifund. Unifund filed a motion for new trial, the trial court denied Unifund's motion for new trial, and this appeal ensued. There are no findings of fact or conclusions of law, and none were requested.

## II. Standard of Review

In two issues on appeal Unifund argues 1) the trial court erred as a matter of law when it found that Unifund's business records were legally insufficient to conclusively establish the elements of the account stated cause of action, and 2) the trial court committed error as a matter of law when, after taking judicial notice of the contents of the clerk's file, it failed to give any weight to Milone's answer that did not raise any defenses or deny the allegations of Unifund's Original Petition or to Milone's deemed admissions. Both issues are legal sufficiency challenges in which Unifund contends the trial court should have rendered a judgment in favor of Unifund as a matter of law. More specifically, it argues that its business records affidavit when coupled with the failure of the defendant to appear at trial, and with

3

the alleged deemed admissions, entitled Unifund to judgment as a matter of law. We will address the issues together.

When a party who had the burden of proof brings a legal sufficiency issue complaining of an adverse finding, that party must demonstrate that the evidence establishes conclusively, *i.e.,* as a matter of law, all vital facts in support of the finding sought by the party. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001); *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). When, as in this case, the trial court does not issue separate findings of fact, we presume the trial court made all findings necessary to support its judgment. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). We note that Unifund does not challenge the trial court's denial of the motion for new trial. That said, we review the denial of a motion for new trial for an abuse of discretion. *Champion Int'l Corp. v. Twelfth Court of Appeals,* 762 S.W.2d 898, 899 (Tex. 1988) (orig. proceeding). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or if it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

### III. Analysis

Unifund sued Milone alleging a cause of action for a common law account stated. A party is entitled to relief under the common law cause of action for account stated when (1) transactions between the parties give rise to indebtedness of one to

the other; (2) an agreement, express or implied, between the parties fixes an amount due; and (3) the one to be charged makes a promise, express or implied, to pay the indebtedness. *McFarland v. Citibank, N.A.*, 293 S.W.3d 759, 763 (Tex. App.—Waco 2009, no pet.). While it is true that an agreement on which an account stated claim is based can be express or implied, and that Unifund did not have to produce a written contract, it still had the burden to produce evidence of the agreement between the parties to meet its burden of proof. *Id*. For unliquidated damages claims, the plaintiff also has the burden to produce evidence at trial showing the amount due and owing, after allowing for all just and lawful offsets and credits. *See Novosad v. Cunningham*, 38 S.W.3d 767, 773 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (no-answer default judgment operates as an admission of the material facts alleged in the plaintiff's petition, except for unliquidated damages citing *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 83 (Tex. 1992); and *Morgan v. Compugraphic Corp.,* 675 S.W.2d 729, 731 (Tex. 1984)). Unifund did not file a suit on a sworn account.[2] Milone filed a response to the lawsuit which qualifies as a general denial. *Highsmith v. Highsmith*, 587 S.W.3d 771, 777 (Tex. 2019) (per curiam).

---

[2] *See e.g.*, Tex. R. Civ. P. 185.

Unifund claims the requests for admissions it included in its petition address

each of the elements of its claim.[3] Unifund alleges Milone failed to timely respond

---

[3] Unifund included requests for admissions in its petition, as follows:

1. Defendant applied for the credit card as referenced in Plaintiff's Original Petition.
2. Based upon Defendant's request, the account made a basis for Plaintiff's Original Petition was opened.
3. Defendant understood from the time the account made a basis of Plaintiff's Original Petition was opened that use of the credit card results in a loan being made to Defendant for the amount charged or cash advance requested, and that Defendant is required and obligated to repay all charges or cash advances incurred on the account.
4. Defendant made the purchases and took cash advances using the credit card made a basis of Plaintiff's Original Petition.
5. Plaintiff is the present owner and holder of said account, and is the party entitled to sue on said account.
6. That the account stated in the Plaintiff's Petition in this cause is just and true.
7. The balance stated in Plaintiff's Petition in this cause is the balance due Plaintiff after all just and lawful offsets, payments and credits have been allowed.
8. Defendant received monthly statements showing the amount of charges or cash advances incurred for that monthly period, along with any payments or credits to the account, specifying the monthly installment being due and owing, and advising of Defendant's right to dispute any error contained in the monthly statement.
9. Plaintiff has requested Defendant to pay Plaintiff for said account, and Defendant has failed to pay Plaintiff for said account.
10. Plaintiff made written demand upon Defendant for payment of said account more than 30 days prior to filing this lawsuit.
11. Defendant's last payment on the account was less than 4 years from the date this petition was filed.
12. Defendant has breached the account agreement made a basis of Plaintiff's Original Petition, and Defendant owes Plaintiff the amount of $11,610.17 on said account plus accrued interest.

6

to the requests for admissions, and therefore Milone admitted the entirety of Unifund's cause of action, including the reasonableness of its attorneys' fees. Unifund relies on Tex. R. Civ. P. 198.2(c) and *Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 797 (Tex. 2008).

Rule 198.2(c) provides that "[i]f a response is not timely served, the request is considered admitted without the necessity of a court order." Here, the only evidence Unifund introduced at trial was its business records affidavit. Appellant did not introduce any of the requests for admissions or bring them to the attention of the court at trial or in the motion for new trial. At trial, there was no evidence or discussion about the requests for admissions, the service thereof, or the alleged failure of the defendant to respond thereto.

The only evidence discussed or presented to the trial court at trial was the business records affidavit. We find that the information in that affidavit and its attachments do not conclusively prove Unifund or its assignor had an agreement with Milone, and some of the information attached to it is inconsistent with the

---

13. At no time prior to the filing of this lawsuit did Defendant or Defendant's representative request verification of the debt from Plaintiff, or its agents, or dispute the debt owing on the account made a basis of Plaintiff's Original Petition.
14. Defendant is not a member of any military service with assignments or orders that would give the Defendant a right to a delay under the law.
15. A reasonable attorney fee for Plaintiff's attorney for the prosecution of this lawsuit would be at least the amount of 3,870.06.

requested admissions in that the exhibit contained no application for credit signed by Milone; no statement that Milone requested to open the account; no document stating that Milone understood from the time the account was opened that a loan was being made to her; and no evidence that Milone made purchases and took cash advances using the account made a basis of Plaintiff's Original Petition as alleged in the requests for admissions. A party that, without objection, allows the trial court to admit evidence that is inconsistent with a matter that has been deemed admitted may waive his right to rely on such admissions. *Duff v. Spearman*, 322 S.W.3d 869, 884 (Tex. App.—Beaumont 2010, pet. denied). The business records affidavit by itself falls short of establishing the terms of the alleged agreement and fails to show Milone made purchases or took cash advances.

In *Weaver* the plaintiff filed a motion for summary judgment which was based upon deemed admissions. In its motion for summary judgment, the plaintiff expressly brought the admissions to the attention of the court. Here they did not do so. Therefore, the rationale provided in *Weaver* is not applicable.

Unifund was given full opportunity to present evidence to the trial court at the time of trial. The motion for new trial was not based upon the discovery of new evidence, or any type of unfair surprise to Unifund. Here, Unifund has failed to demonstrate that the evidence establishes conclusively*, i.e.,* as a matter of law, all

vital facts in support of the finding sought by the party. *Dow Chem. Co.*, 46 S.W.3d at 241.

We defer to the trial court's role as factfinder to determine the weight and credibility of the evidence, to believe or disbelieve the witnesses, and to resolve inconsistencies in the testimony. *See City of Keller v. Wilson*, 168 S.W.3d 802, 820-27 (Tex. 2005). On this record, even if we might have reached a different conclusion, we cannot say that the trial court's decision is outside the zone of reasonable disagreement. *See id.* at 822. After reviewing all the evidence in a light most favorable to the trial court's ruling as we must, we find the evidence legally sufficient and overrule both issues.

AFFIRMED.

JAY WRIGHT
Justice

Submitted on January 25, 2023
Opinion Delivered September 14, 2023

Before Golemon, C.J., Wright and Johnson, JJ.

9